### GEORGE WORK *v.* WILLIAM C. HARPER et al.

1. STATUTE OF LIMITATIONS.—The mortgagee of property conveyed by the judgment debtor, will not be entitled to hold it discharged of the lien of the judgment which was prior and superior to the lien of the mortgage, when the lien of the judgment has become barred by the Statute of Limitations, in a case where the judgment creditor has been restrained at the instance of the mortgagee from enforcing his judgment within the period prescribed by the statute. See *Sugg* v. *Thrasher*, 30 Miss. R. 135.

2. PRINCIPAL AND SURETY: JOINT JUDGMENT AGAINST: HOW ENFORCED.—Where a joint judgment is rendered against principal and surety as joint makers of a promissory note, and the fact of suretyship is not stated in the judgment, it is not necessary for the plaintiff to make and file an affidavit of the insolvency of the principal, before his execution can be levied on the property of the surety, unless the surety first file his affidavit of the fact of his suretyship. See *Walker* v. *Gilbert*, 13 S. & M. 693.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

The appellees, W. C. Harper and Joseph B. Crockett, on the 21st of October, 1846, obtained a judgment against one Young, principal, and Berry and others, sureties, on a promissory note of which they were joint makers. Execution was issued on this judgment, and soon afterwards levied on a slave as the property of Berry, without any affidavit having been made and filed, setting forth the insolvency of Young.

On the 16th day of January, A. D. 1847, the appellant, Work, filed his bill in the Superior Court of Chancery, in which he stated that Berry had mortgaged the slave to him to secure a debt due by said Berry to him; that this mortgage was older in date than the judgment, and that the judgment had not been enrolled, and that Harper had notice of the execution of the mortgage before the levy of his execution on the slave. He prayed for and obtained an injunction restraining the sale of the slave under the execution.

He also prayed for a foreclosure of the mortgage—Berry being made a party to the bill. Several amended bills were filed; and finally, Work, after the litigation had been protracted for several years, filed a supplemental bill, setting up that the lien of the judgment of Harper and Crockett had become barred by the lapse of the period prescribed by the Statute of Limitations; and upon this ground asked that his injunction be made perpetual, and that his title to the slave be protected against the lien of the judgment. Berry answered, consenting to a foreclosure of the mortgage, and Harper and Crockett answered upon the point made in the supplemental bill, that the execution of their judgment had been restrained by the act of Work, and that they ought not to be injured thereby. The material allegations of the original and amended bills were denied in the answers and were sustained by proof, except the statement that Berry was the surety of Young on the judgment, and that no affidavit of the insolvency of Young had been filed previous to the levy of the execution.

The chancellor dismissed the original and amended and supplemental bills, and dissolved the injunction, and Work appealed.

*George S. Yerger,* for appellant,

Contended, 1st. That as the execution was only restrained so far as to prevent a sale of the slave under it, Harper & Crockett could have issued execution against Berry, and levied it on any other property belonging to him. That by their failure to issue an execution for the period of seven years, when they might lawfully have done so, the judgment had become barred, as to Berry, by the statute. That Berry might now lawfully enjoin the execution of the judgment on account of the statutory bar; and the judgment being barred as to him, it was barred as to any one holding property under him. See 13 S. & M. 427; Ib. 509; 11 Ib. 571; *Butler* v. *Craig,* 27 Miss. R. 628. 2d. That the failure to make and file the affidavit required by the statute, rendered the execution void, as against the surety. Hutch. Code, 853; *Gaultry* v. *Ewing,* 3 How. S. C. R. 707; *Moss* v. *Agricultural Bank,* 4 S. & M. 726.

*D. Mayes,* for appellees.

[No memorandum of Judge Mayes' argument has come into the possession of the reporter.]

HANDY, J., delivered the opinion of the court.

Two questions are presented in this case.

1. Whether, as the *lien* of the judgment enjoined is now barred by the Statute of Limitations, the appellant is not entitled to his injunction, and to have his title protected under his mortgage.

2. Whether the judgment of the appellee, being attempted to be enforced against a surety, and there being no affidavit filed as to the insolvency of the principal in the judgment, could be enforced against the property of the surety.

Upon the first point, it appears that the judgment of the appellee was rendered on the 21st October, 1846, and on the 16th January, 1847, the appellant's bill was filed, by which the appellee was enjoined from proceeding to execution upon his judgment until such time as the lien of the judgment was barred by the Statute of Limitations. The appellant now seeks to avail himself of the expiration of the lien, in order to protect his title under the mortgage. And the question is, whether he is entitled to do so, under the sanction of a court of equity.

· It is not, and cannot properly be denied, that the judgment was a valid *lien* upon the property at the time the execution was levied, and that it was superior to the claim of the appellant under the mortgage. That this just legal right has been prevented from being enforced until it is impaired or lost, and that, by the litigation which has been commenced and carried on by the appellant. And when he has failed to establish the claim to protection upon which the litigation was commenced, and it appears that he has improperly prevented the judgment creditor from enforcing his execution, he cannot be permitted to take advantage of the accidental circumstance occasioned by himself, that the lien of the judgment is lost. The loss of the *lien* has been occasioned by himself, against the will of the appellee, and without any fault on his part; and upon no principle of equity could he be held to lose his right, to the benefit of the appellant.

Work *v*. Harper et al.

If the lien be lost, the appellant should not be permitted to take advantage of it; but, so far as the equity of the case depends upon this point, the injunction was properly dissolved, and the appellee left to his remedy upon the injunction bond for the injury which he had thereby sustained, and in consequence of the improper issuance of the injunction. This case is much stronger against the appellant than that of *Sugg* v. *Thrasher*, decided at the last term.

Upon the second point, it appears by the exhibit of the original judgment, filed as a part of the record, that the suit was brought against Young, as principal, and Berry and others as sureties, but the judgment was rendered against all the defendants, as joint makers of the note sued upon.

It is now insisted, that the execution could not be enforced against the surety without an affidavit being first made, and filed among the papers of the cause, that the principal was insolvent; and it is said that this case is embraced in the provisions of the Act of 1837. Hutch. Code, 853.

We do not think this position tenable. The Act of 1837 had reference to suits against makers and drawers of promissory notes and bills of exchange, and indorsers thereof, and to sureties on forthcoming bonds; in all of which the order and character of the liability appeared, either by an entry required by that Act to be made upon the execution, or by the execution itself, which showed whether a party was principal or surety. In such cases, that statute required that before the sheriff should proceed to levy upon the property of an indorser or surety, there should be an affidavit filed among the papers of the cause, stating the insolvency of the principal or maker. But it has been settled by this court, that that act does not apply to joint makers of promissory notes, against whom a joint judgment is rendered. *Walker* v. *Gilbert*, 13 S. & M. 693; and that, in order to render such an affidavit necessary, the surety should first make his affidavit of the fact of his suretyship. We think it clear, that when the judgment is a joint one against several defendants, the case falls under the provisions of the Act of 1822. Hutch. Code, 558, § 47. But if the execution be against makers, drawers and indorsers, under the Act of 1837, when the relative liabilities of the parties are re-

quired to be stated on the execution, or if the fact of suretyship appear by the face of the execution, as upon a forthcoming bond, in such case there is a necessity for an affidavit, in order to authorize the sheriff to proceed against the property of the indorser or surety.

But it is clear, that this case, being a judgment against several joint makers of the promissory note, comes within the provision of the Act of 1822, and not within the Act of 1837. And, although the judgment was in fact against principal and sureties, there was no law authorizing the clerk to make an entry of that fact upon the execution, and nothing by which the sheriff could properly take notice of the relations of the defendants in the judgment. It was, therefore, bound to proceed upon the execution as against several defendants, equally and jointly liable, and to levy upon the property of any or all of them.

We think that the chancellor acted properly in dissolving the injunction—and the decree is affirmed.