Syllabus.  .  Commencement of the briefs.

SAMUEL KELLY *v.* D. R. WAGNER ET AL.

1. EQUITABLE ESTOPPEL.  *Divestiture of legal title.*

According to what is perhaps the weight of authorities, the owner of the legal title to land cannot be divested of it upon the ground of equitable estoppel by parol, except where it is shown that there has been some element of fraud or intentional wrong in the acts or declarations by which it is sought to estop him. Whether there may not be an estoppel as to the legal title to land where there has been no fraud or deceit. *Query.* But no estoppel can arise where the misstatement relied on is as to a fact which could in no event have affected the legal title.

2. SAME.  *Statute of limitations.  Improvements.*

Where a party purchases land, taking a deed, and executes his notes and deed of trust for the purchase-money and afterward rescinds the sale, without surrender or cancellation of the deed, and the vendor takes possession of the land without a reconveyance, and pays the taxes on it, and claims and uses it as his own through a series of years, with the full concurrence of the vendee, and upon the faith of the verbal rescission, the vendee afterward asserting his legal title to the land would be estopped from setting up the statue of limitations as to the notes given for the purchase-money, the taxes paid with interest, and from claiming the benefits of any acts done by the vendor, or from claiming the benefit of improvements erected on the land in good faith by a purchaser from the vendor after the rescission.

APPEAL from the Chancery Court of Yalobusha County.

HON. A. B. FLY, Chancellor.

The facts are stated in the opinion.

*M. E. Sullivan,* for the appellant.

1. The bill should be dismissed. *Beaman* v. *Buck,* 9 S. & M. 207; *Box* v. *Stanford,* 13 S. & M. 93; *Metcalf* v. *Brandon,* 58 Miss. 841; *Gothard* v. *Flynn,* 25 Miss. 58; 2 Story Eq. Jur., §§ 764, 767.

2. Complainant charges that Kelly is estopped by his conduct. In order to an estoppel by conduct the following elements must be present: (1) there must have been a representation or a concealment of material facts; (2) the representation must have been made with *knowledge* of the fact; (3) the party to whom it was made must have been ignorant of the *truth* of the matter; (4) it must have been made with the *intention* that the other party should act upon it; (5) the other party must have been

*induced* to act upon it.   *Turnipseed* v. *Hudson*, 50 Miss. 429. And I might add that it must be concerning a matter not of record. For as to matters of record and as to whether there is a certain record or not in complainant's county, it is scarcely conceivable how Kelly could make a statement which would estop him. 1 Story Eq. Jur., § 403 ; 43 Miss. 687 ; Geo. Dig. 488, § 104. If there was any agreement at all it was a mere verbal agreement to reduce to writing—to re-convey. This agreement, if made, was void. *Box* v. *Stanford*, 13 S. & M. 93.

3. Complainant further charges that Kelly is estopped because he stood by and knew that Wagner had sold his lot and that Bryant & Shackelford were erecting valuable improvements on it, and he made no objection. This charge is positively denied by the answer and by the testimony of three witnesses.

4. The voluntary act of Wagner in paying the taxes on Kelly's lot was, probably, to protect his mortgage on it. If for any other purpose, it was gratuitous, and gave Wagner no claim on it, after his debt and trust deed were barred.

5. So far as Wagner's co-complainants, Bryant & Shackelford, are concerned, they are entitled to no consideration whatever. "The American doctrine of registration imposes upon purchasers a reasonable degree of diligence in examining the record of titles to estates." 1 Story Eq. Jur., § 403 ; *Learned* v. *Cooley*, 43 Miss. 687 ; *Goodsell* v. *Sullivan*, 40 Conn. 83 ; *Hutchinson* v. *Hosttman*, 15 Kans. 133; *Cushing* v. *Ayer*, 25 Maine 383 ; *Mason* v. *Martin*, 4 Md. 124; *Vaughan* v. *Greer*, 38 Texas 530 ; *Mayo* v. *Cartwright*, 30 Ark. 407 ; *Greenleaf* v. *Edes*, 2 Minn. 264.

6. We have seen that "no verbal agreement respecting land can create an estoppel." *Hamlin* v. *Hamlin*, 19 Maine 141 ; *Montacute* v. *Maxwell*, 1 P. Wms. 620; Miss. Statute Frauds. That "no declaration made in good faith and by mistake is an estoppel." *Brewer* v. *Boston R. R. Co.*, 5 Metc. 478 ; *Spencer* v. *Carr*, 45 New York 406 ; 36 Ala. 589; 11 Allen 349. That "a party can neither be sued on nor estopped by a contract which the statute says shall not be binding." *Lowell* v. *Daniels*, 2 Gray 161, 168 ; *Concord Bank* v. *Bellis*, 10 Cush. 276.

*Fitz-Gerald & Whitfield,* on the same side, filed an elaborate brief on the facts.

*R. H. Golladay,* for the appellees, argued the case orally and in writing.

1. Fraud is not an essential element of equitable estoppel. Constructive fraud and actual fraud are co-extensive for relief in equity. 2 Pom. Eq. Jur., §§ 803, 804; Bigl. Estp. Part 3, Ch. 14, p. 369 (1872); 2 Sm. L. Cas. 711, note by Am. Ed. *"Estoppel in Pais."* The court is earnestly requested to consider carefully *Dickerson* v. *Colgrove,* 100 U. S. 578. See 2 Pom. Eq. Jur. 278, § 813; *Morgan* v. *Railroad,* 96 U. S. 716; *Merchants' Bank* v. *State Bank,* 10 Wall. 604; *Vicksburg, etc., R. R. Co.* v. *Ragsdale,* 54 Miss. 200.

2. Whether "Wagner was ignorant or cognizant of the condition of Kelly's title, was unimportant if Kelly's conduct was such as to estop him. It will be noticed that in all the cases referred to above, except perhaps the last, the party claiming the estoppel had actual knowledge of the condition of the title. If actual knowledge will not prevent the operation of an equitable estoppel, can constructive knowledge, based on the record of the title, prevent? The object of registration is to protect purchasers for valuable consideration without notice and creditors, and incidentally to protect the owner; but certainly not to protect the real owner against himself and his own conduct and words. He may or may not have his deed recorded. Having his title on record, will he be permitted to throw the purchaser off his guard and fraudulently entrap him, and in the sequel tell him he ought not to have believed him, that he ought to have looked at the record? The Statute of Frauds opposes no obstacle to the enforcement of equitable estoppel. *Kirk* v. *Hamilton,* 102 U. S. 77, citing Sm. L. Cases. Can the statute of registration do so? *Shivers* v. *Simmonds,* 54 Miss. 522.

3. The records are not always accessible. In the case at bar the deed of Wagner to Kelly was recorded in 1872, at Coffeeville, fifteen miles from the Water Valley. *Carter* v. *Champion,* 8 Conn. 556; 2 Pom. Eq. Jur., § 810; Sm. L. Cas. 7, Am. Ed. 1873; *Hill* v. *Epler,* 7 Casey (Pa.); 2 Pom. Eq. Jur., § 595 and § 891; *Evans* v. *Forstall,* 58 Miss. 301; *Staton* v. *Bryant,* 55 Miss. 275.

| Conclusion of the briefs. | Commencement of the opinion. |

4. It is impossible to rest on Wagner. To set up the deed of trust and note (*Barnett* v. *Nichols*, 56 Miss.) will not do it. Estoppel of Kelly is all that can be done. Kelly has never paid to Wagner any of the stipulated purchase-money. The admission of Wagner to enforce payment was induced by the reliance he placed in Kelly's words and *conduct*. Now it would seem to be in the highest degree inequitable for him to desire an advantage from his own deception and obtain the lot or ground for nothing. Notwithstanding the note is barred, he ought to be enjoined till he pays the note, as well as for improvements; and of this no honest man can or would complain.

CHALMERS, J., delivered the opinion of the court.

In 1872 Wagner sold to Kelly an unimproved lot in the town of Water Valley, making him an unencumbered deed therefor, and taking a note for eight hundred and fifty dollars for the purchase-money, secured by a trust deed on the property. The note fell due twelve months afterward, when Kelly sought Wagner, and, representing his entire inability to pay the note, begged Wagner to rescind the trade and take back the lot. He stated that the deed which had been given him was lost, and that it had never been recorded. This was untrue in fact, though probably believed to be true at the time by Kelly. The deed was subsequently found, and, in fact, had been probably recorded soon after it was executed. Wagner consented with some hesitation to take back the land, but believing that the loss of the deed without having been recorded obviated the necessity of a re-conveyance, failed to obtain one. Kelly shortly afterward removed to the country and Wagner took such possession of the lot as its unimproved character admitted of. He paid taxes on it, spoke of it to all as his property, and tried to sell it to other persons. Nine years after the verbal cancellation of the sale, during which time Kelly set up, so far as known, no claim of any sort to the land, Wagner sold it to Bryant & Shackelford, making a warranty deed to them. They have now erected a costly brick house upon it, which, together with the lot itself, they have reason to fear Kelly will claim, basing his claim upon the legal title residing in him by virtue of his deed from

Wagner in 1872.   This bill in equity has therefore been brought by Wagner and by Bryant & Shackelford to estop him from setting up any rights under that deed.   It cannot be maintained, in so far as it seeks upon equitable grounds, to divest Kelly of his legal title. According to what is perhaps the weight of authority, the owner of the legal title to land cannot be divested of it upon the ground of equitable estoppel by parol except where it is shown that there has been some element of fraud or intentional wrong in the acts or declarations by which it is sought to estop him, though the authorities on this question are not uniform.   There was, we think, no intention to deceive, in Kelly's untrue statement as to the loss and the non-record of the deed.   2 Pomeroy Eq. Jur., §§ 806, 807, 808, and cases cited.

Without deciding, however, that there can be no estoppel as to the title to land when there has been no fraud or deceit, we think that Wagner cannot claim to have been misled as to the title by the misstatement of facts by Kelly in this case.   The fact as to whether the deed had been lost or not, or had been recorded or not, did not in any manner affect the title to the lot, and it was Wagner's own folly to have so thought.   The conduct and declarations of Kelly can be invoked, however, as estopping him from claiming the benefit of the lapse of time which has since ensued, and from claiming the benefit of any acts done by Wagner in consequence and upon the faith of those declarations and that conduct.   Wagner took possession of the land and paid taxes on it, as Kelly knew, upon the faith of the verbal rescission of the sale, and, relying upon Kelly's concurrence in that rescission, failed to assert his own rights under the trust deed until that instrument and the debt secured by it have become barred by the Statute of Limitations.   Kelly, therefore, is estopped from setting up that statute either as to the amount due on the note or as to the taxes paid with interest. *Barnett* v. *Nichols*, 56 Miss. 622.   He is estopped also to recover the lot with its present greatly enhanced value without paying for the building erected upon it.   It was erected in good faith and in consequence of his own misleading conduct. Before its erection Bryant & Shackelford, who had no suspicion of

his claim, informed him of their purchase, pointed out the lot to him, and attempted to procure the erection of the building by him, he being a brick mason by trade.  He took the matter under consideration but finally declined on the ground that he was too busy in his crop.  He said nothing whatever of his own claim to the land and now seeks to excuse himself for not doing so by saying that he thought his own lot was an adjoining one.  We think his own attitude is not such as to commend his mistake to favor.  He should, under the circumstances of his long abandonment of the property, and his knowledge of Wagner's reliance upon the verbal rescission, have been vigilant to know his own and to prevent others from being injured in consequence of his conduct.

*Decree reversed and cause remanded with directions to render decree in accordance with this opinion.  Costs in this court to be divided.*