## HAGGART et al. v. WILCZINSKI et al.

### (Circuit Court of Appeals, Fifth Circuit. February 6, 1906.)

#### No. 1,490.

1. MORTGAGES—VOID FORECLOSURE—EFFECT.

Where a mortgage foreclosure sale was subsequently declared void, those .holding under the purchaser at the sale are to be regarded as mortgagees in possession.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 1110.]

2. COURTS—FEDERAL COURTS—DECISIONS OF STATE COURTS.

The statutes and decisions of the courts of last resort in a state where property mortgaged is situated, and where the controversy arose, are binding on the federal courts as a rule of property.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 958, 959.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

3. MORTGAGES—BREACH OF CONDITION—POSSESSION—EJECTMEN...

A mortgagee of property located in Mississippi, on breach of condition, may maintain ejectment to recover the mortgaged land as a means of enforcing the security.

4. SAME.

Where a mortgagee of land located in Mississippi obtained possession under a void foreclosure after breach of condition, he and his grantees are entitled to hold possession until the mortgage debt is paid.

5. SAME—INVALID SALE.

Where a mortgage was foreclosed by a substituted trustee, whose appointment was invalid, the sale for that reason was voidable only, and not void.

6. SAME—DISAFFIRMANCE OF SALE—ELECTION.

Where a mortgage foreclosure sale was voidable at the election of the mortgagor or his heirs, the purchaser's grantee was entitled to relieve himself of the position of a mortgagee in possession by suit in equity to compel the mortgagor or his heirs to affirm or disaffirm the sale, and, in the event of a disaffirmance, to obtain a judicial foreclosure.

7. EQUITY—BILL—PRAYER FOR RELIEF.

Under a general prayer in a bill in equity, the court may grant any relief consistent with, and included in, the allegations of the bill.

8. MORTGAGES—INVALID SALE—FORECLOSURE BY ACTION—LIMITATIONS.

Code Miss. 1892, § 2732, provides that, when a mortgagee, after condition broken, shall obtain actual possession or receipt of the rents and profits of the land mortgaged, the mortgagor, or person claiming under him, may not sue to redeem, except within 10 years after the time the mortgagee obtained possession. Section 2755 provides that the completion of the period of limitation shall extinguish the right as well as the remedy. Section 2733 declares that, when an action at law on notes secured by a mortgage is barred, the remedy in equity on the mortgage is also barred. *Held*, that section 2733 should be construed as applicable alone to a mortgagee out of possession seeking to collect the debt or enforce the mortgage, and hence the fact that the debt secured by a mortgage was barred did not preclude the mortgagee in possession under a void sale from maintaining a suit to compel the mortgagor's heirs from either electing to affirm the sale, or to disaffirm the same, and for judicial foreclosure.

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

Edward Mayes and Caruthers Ewing, for appellants.

Le Roy Percy and R. B. Campbell, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This suit was brought in the court below by the appellants against the appellees, and the jurisdiction of the court is shown by proper averments of the diverse citizenship of the parties. The Circuit Court sustained a demurrer to the bill and dismissed it. To show the questions raised by the appeal, it is necessary to make a condensed statement of the material averments of the bill.

On and before February 1, 1891, Joseph Wilczinski owned in fee simple the Matilda plantation, lying in Washington county, Miss., and containing 1,534 acres. On that day, he and Julia Wilczinski, his wife, executed a deed of trust to Charles C. Currier, as trustee, to secure several promissory notes, amounting in the aggregate to $35,000, payable to the Alliance Trust Company, Limited, a corporation under the laws of Great Britain. The last one of the notes was due January 1, 1896. The deed of trust conferred the usual power on the trustee to sell the mortgaged property in case of default in paying the notes. In case of the refusal of the trustee to act, it was provided that the Alliance Trust Company and their legal representatives might appoint a trustee to act in place of Currier. Currier resigned his office of trustee January 3, 1898. H. C. Williamson was thereupon appointed trustee by A. S. Caldwell, as attorney in fact for the Alliance Trust Company; the appointment being made after the death of Joseph Wilczinski, the mortgagor. Williamson, the substituted trustee, advertised and sold the lands under the deed of trust, and James Haggart and William McMaster bid $35,000 for the same, buying it, in fact, for the Alliance Trust Company. At that time there was due on the mortgage, including interest, $44,027. The $35,000 so bid was treated and held by the Alliance Trust Company as a credit on the mortgage. In 1902, Haggart and McMaster conveyed the land to James A. Crawford, who, during the same year, conveyed it to the Citizen's Bank, a corporation under the laws of Mississippi, and the bank conveyed it to B. R. Allen. These several deeds, made subsequent to the foreclosure sale, contained warranties of title. Each of the subsequent vendees paid in money or in notes $35,000 for the land. After James Haggart bid for the land, he died, and his heirs at law are made parties complainant. When Williamson, as trustee, made the sale, Wilczinski's several children, who succeeded to his interest in the land at his death, were infants, and two of them are infants yet.

In 1903 B. R. Allen brought suit in the chancery court of Washington county, Miss., against Joseph Wilczinski's heirs, the Alliance Trust Company, James Haggart, William McMasters, and others, seeking to have his title confirmed and the title of the Wilczinski heirs canceled as a cloud on his title. The defendants demurred to

the bill, raising the question of the validity of the sale made by Williamson as substituted trustee. Thereupon Allen amended his bill, adding a prayer to be subrogated to the rights of the Alliance Trust Company under the deed of trust, and for a foreclosure. The Wilczinski heirs demurred to that part of the bill only which asserted title in Allen. The demurrer was sustained by the chancery court, and the decree was affirmed by the Supreme Court of Mississippi. These decisions were to the effect that A. S. Caldwell had no authority to appoint a trustee in the place of Currier, who resigned his trust, and that therefore the sale made by H. C. Williamson, substituted trustee, was void. In brief, the holding was that Allen had no title, for he deraigned title from Williamson's sale. The court, after disposing of the main question as to the legality of Allen's title, used this language:

"Of course, the appellant (meaning the Wilczinski heirs) must do equity if he seeks equity, and, just as certainly, he would be estopped to set up any statute of limitation against the enforcement of the claim, and the appellee (meaning the Alliance Trust Company) has nothing still to do except to enforce its security in the proper way." Allen v. Alliance Trust Co. et al., 84 Miss. 319, 331, 36 South. 285, 287.

Upon the rendition of the decision by the Mississippi Supreme Court that he had no title, Allen "announced his intention to abandon the said plantation and insist upon the covenants of warranty against the bank, and dismissed his bill brought in the chancery court." The amount now due on the mortgage, disregarding the credit of $35,000, the amount of the bid for the land at the foreclosure sale, is over $70,000. The bill in the case at bar, after stating the foregoing facts, concludes with a prayer for an accounting, for a judicial foreclosure of the mortgage, and for general relief. To this bill, the heirs at law of Joseph Wilczinski, deceased, demurred, assigning as causes of demurrer:

"(1) That, treating said amended bill as seeking to foreclose the mortgage therein mentioned, it appears by said amended bill that the cause of action, and the right to foreclose said mortgage, did not accrue within six years before the commencement of this suit, and that said plaintiffs are barred from any relief by the statute of limitations of the state of Mississippi, in such cases made and provided, notwithstanding the alleged declaration of the Supreme Court of the state of Mississippi that the Alliance Trust Company could still proceed to enforce its mortgage in the proper way, as alleged in said amended bill, since it appears from the exhibit to said amended bill that said declaration of the Supreme Court was obiter dictum, and not an adjudication of any issue before the court.

"(2) That, treating said amended bill as seeking to cancel the title of these defendants to the lands described as a cloud on plaintiff's title, it appears by said bill that the plaintiffs have no such title or interest in said land as to enable them to maintain this suit; but, on the contrary, it appears by said amended bill and exhibits thereto that the title to said land has already been adjudicated between the parties to this suit by the Supreme Court of the state of Mississippi as being the demurrants. Therefore plaintiffs are not entitled to the relief sought, or to any relief."

The Circuit Court sustained this demurrer and dismissed the bill. The complainants appeal to this court, and assign the decree of the Circuit Court as error.

We are advised by counsel for appellants, in their printed statement and argument filed in this court, that, "on the decision of the Supreme Court of Mississippi that the sale was void, the property was reconveyed to appellants and the successive warranties made good." We do not find in the record any deed from Allen to appellants, but, as Allen is made a party defendant as interested in the accounting, the facts as to the character of his further interest in the case, if any, may be shown in the progress of the suit. Allen is a citizen of Mississippi, and several other defendants being citizens of that state, if it appeared that he was a necessary party complainant, it would defeat the jurisdiction of the Circuit Court. It is sufficient to say that, even without the conveyance referred to by counsel, it does not appear on the record before us that Allen is a necessary party complainant.

Notwithstanding the sale made by the substituted trustee was held void, the Supreme Court of Mississippi declared that the mortgage could be foreclosed "in the proper way," and that the mortgagor's heirs "would be estopped to set up the statute of limitations against the enforcement of the claim." The appellees insist that this part of the court's opinion is a mere dictum, and an able argument is presented to show that the doctrine of estoppel is not applicable to the case; the estoppel deniers being infants and not having in any way ratified the appointment of the substituted trustee or the sale made by him. It is claimed by the appellants that this part of the opinion is not a dictum, and that there are analogous decisions of the same court that tend to support the view that the doctrine of estoppel is applicable. The cases cited are Sugg v. Thrasher, 30 Miss. 135; Work v. Harper, 31 Miss. 107, 66 Am. Dec. 549; Davis v. Hoopes, 33 Miss. 173; Wilkinson v. Flowers, 37 Miss. 579, 75 Am. Dec. 78; Marshall v. Minter, 43 Miss. 666; Staton v. Bryant, 55 Miss. 261; Barnett v. Nichols, 56 Miss. 622; Kelly v. Wagner, 61 Miss. 299; Matthews v. Matthews, 66 Miss. 239, 1 South. 741; Lucas v. American, etc., Mortgage Co., 72 Miss. 366, 16 South. 358; and Easter v. Riley, 79 Miss. 625, 31 South. 210.

Under section 4381 of the Mississippi Code of 1892, a copy of this opinion was certified to the Washington county chancery court, and it cannot be doubted that, if Allen had not dismissed his bill, and the Alliance Trust Company by cross-bill in that case had sought to foreclose the mortgage, the chancery court would have been governed by the opinion to the extent that the statute of limitations would not have been regarded as preventing the foreclosure of the mortgage in the proper way. The Supreme Court had held, on the appeal from the interlocutory decree sustaining a demurrer to part of the bill, that the attempted foreclosure by the substituted trustee under the power of sale was wholly ineffectual. The case remained in the chancery court for further proceedings pursuant to the opinion, and such proceedings were to be had on a bill containing a prayer for foreclosure. In a case in which the right to foreclose the mortgage was asserted, the Supreme Court made the decision in question. The substance of the thing adjudged on this point was that the statute of limitations could not be used to prevent the foreclosure. We should not turn from the substance of what was said to look too closely at one reason given

for saying it. If the statute of limitations is not a defense under the circumstances of the case, that fact is conclusive of the question presented by this appeal, no matter by what process of reasoning that conclusion is reached. The ultimate question, therefore, we are called on to decide in this case is whether or not the statute of limitations bars the rights of the complainants asserted in the bill.

Before we examine the statute of limitations in question, it will be well to consider the legal and equitable relations of the parties, for a knowledge of these relations will shed light on the question when we come to examine the statutes. The sale under the mortgage by the substituted trustee having been ineffectual and having been declared void, it is not denied that the position of the complainants is, in substance, that of mortgagees in possession. Cooke v. Cooper, 18 Or. 142, 22 Pac. 945, 7 L. R. A. 273, 17 Am. St. Rep. 709. The settled law of a state on the subject of mortgages is regarded as a rule of property, and the federal courts are governed by the statutes and decisions of the courts of last resort in the state where the property mortgaged is situated, and where the controversy arose. Parker v. Dacres, 130 U. S. 43, 9 Sup. Ct. 433, 32 L. Ed. 848; Bacon v. N. W. M. L. I. Co., 131 U. S. 258, 9 Sup. Ct. 787, 33 L. Ed. 128; Dugan v. Beckett, 129 Fed. 56, 63 C. C. A. 498.

In Mississippi, the mortgagor is the owner of the legal title to the land until a valid foreclosure of the mortgage. This is true against everybody, but subject to this exception: After breach of the condition of the mortgage, the mortgagee may maintain ejectment against the mortgagor to recover the mortgaged land as a means of enforcing the security. Buckley v Daley, 45 Miss. 338; Freeman v. Cunningham, 57 Miss. 67. It follows, we think, that where a mortgagee obtains possession by suit, or under an irregular, or voidable, or void, foreclosure, after breach of the condition of the mortgage, he has the right to hold possession until his mortgage is paid. The mortgagor cannot deprive him of possession without first paying the debt. Bryan v. Brasius, 162 U. S. 415, 16 Sup. Ct. 803, 40 L. Ed. 1022; Helm v. Yerger, 61 Miss. 44, 51; Buckley v. Daley, supra. We have no reason to doubt that this doctrine prevails in Mississippi although it may be that the mortgagee under such circumstances, if sued in ejectment by the mortgagor, would have to resort to a court of equity to preserve his possession till his mortgage was paid. Bonner v. Lessley, 61 Miss. 392. This rule, that the mortgagee cannot be deprived of possession by the mortgagor till the debt is paid, is applied in cases where the debt secured by the mortgage is barred by the statute of limitations. Bryan v. Brasius (Ariz.) 31 Pac. 519; Id., 162 U. S. 415, 16 Sup. Ct. 803, 40 L. Ed. 1022. This may be true generally on the theory that the statute operates alone on the remedy, not extinguishing the debt nor the lien (Angell on Limitations [6th Ed.] § 73), but we must keep in mind that in Mississippi the completion of the period of limitation defeats and extinguishes "the right as well as the remedy." Code Miss. 1892, § 2755.

The bill shows that the land was bought at the foreclosure sale by Haggart and McMaster for the Alliance Trust Company; their bid

being $35,000 and more than $44,000 being then due on the mortgage under which the sale was made. This bid has ever since been treated by the Alliance Trust Company (at least, till the sale was held void by the Mississippi Supreme Court) as a credit on the mortgage debt. Possession of the land has been held continuously under this sale. The validity of the sale was never ratified by the Wilczinski heirs, nor was it ever openly repudiated until after the expiration of the period of limitation, when Allen filed his bill in the state chancery court. That court held, and the Supreme Court approved the decision, that the foreclosure sale was void, and that Allen could acquire no title from those who purchased at that sale. The Mississippi Supreme Court used the expression that the sale was "absolutely void," but the point passed on was raised by a demurrer to the part of the bill that alleged title in Allen, so the decision was to the effect that the sale and conveyance by the substituted trustee was "absolutely void" as an attempted transfer of the title to the land.

The word "void" is so often used in the sense of "voidable" as to have almost lost its primary meaning, and, when it is found in a statute or judicial opinion, it is ordinarily necessary to resort to the context in order to determine precisely what meaning is to be given to it. The word, when confined to the effect of the sale and conveyance as a transfer of title, the matter under consideration, was used by the learned Supreme Court with accuracy and technical precision. A purchase by a trustee at his own sale is certainly void as to the beneficiary in the trust. It is void because the seller is not permitted to buy at his own sale. Michoud v. Girod, 4 How. 503, 11 L. Ed. 1076. The word "void," however, is frequently used even by legal writers and jurists where the purpose is nothing further than to indicate that a contract is invalid and not binding in law. Ewell v. Daggs, 108 U. S. 143, 148, 2 Sup. Ct. 408, 27 L. Ed. 682. The distinction between "void" and "voidable" in their application to contracts is sometimes one of practical importance. A transaction may be void as to one party, and not as to another. When entire technical accuracy is desired, the term "void" can only be properly applied to those contracts that are of no effect whatsoever, mere nullities, such, for example, as are against the law, illegal, or criminal, or in contravention of that which the law requires, and therefore incapable of confirmation or ratification. Allis v. Billings, 6 Metc. 415, 417; 39 Am. Dec. 744; Lawrence v. Hornick, 81 Iowa, 193, 46 N. W. 987, 988; Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 95 Fed. 497, 525, 36 C. C. A. 155. The sale by the substituted trustee, while it had no effect on the title, was not a transaction entirely incapable of confirmation or ratification by the parties in interest. The Alliance Trust Company, the beneficiary in the trust, gave credit for the purchase money and held possession under the purchase. In its bill now before the court, in one of its alternative claims, it avers the legality of the sale, thereby expressing a willingness to let the sale stand. Can it be doubted that the sale could be confirmed and the credit of $35,000 on the mortgage be permitted to remain, if all parties in interest elected to let it stand? A decree ratifying the sale, rendered at the election of all parties in interest,

would be the equivalent of a decree of strict foreclosure under the former practice. 2 Jones on Mortgages, §§ 1538, 1539. As to those defendants who are minors, the chancery court can make an election for them according to their interest. 1 Beach, Mod. Eq. Jur. § 537; Robinson v. Robinson, 19 Beav. 494. If any one of the heirs of the deceased mortgagor desires a resale, or if the court held that it was to the interest of the minors that there should be a resale, another sale should be made. The voidable foreclosure should never be permitted to give the purchaser an unfair advantage, or to affect unjustly the rights of the mortgagor or his heirs. In cases where it is held that a mortgagee is not allowed to purchase at a sale made by him under a power in the mortgage, he has been permitted to relieve himself of the embarrassing position of a mortgagee in possession under a voidable sale by proceeding in chancery to require the mortgagor to elect to affirm or disaffirm the sale, and, in the event of a disaffirmance, for a judicial foreclosure. American F. L. Mort. Co. v. Sewell, 92 Ala. 163, 167, 9 South. 143, 13 L. R. A. 299; McHan v. Ordway, 76 Ala. 347; McLean v. Presley's Adm'r, 56 Ala. 211, 218. Under the circumstances of this case, we think the complainants would have this right, unless the right is barred by the statute of limitations.

It is true that there is no special prayer in the bill relating to this relief, but, under the general prayer, the court may grant any relief which is consistent with and included in the allegations of the bill. 1 Foster's Fed. Prac. (3d Ed.) § 83, p. 234. If the parties in interest do not elect to ratify the sale, there is no reason why the mortgage may not now be foreclosed by decree of the court, unless the complainant's right to foreclosure is barred by the statute of limitations. For convenience of reference, the several Mississippi statutes of limitation will be copied in a footnote.

Actions on promissory notes or other written obligations are barred unless suit be brought on them within six years from the time they are due. Washington v. Soria, 73 Miss. 665, 19 South. 485, 55 Am. St. Rep. 555; Wright v. Mordaunt, 77 Miss. 537, 27 South. 640, 73 Am. St. Rep. 536; Code Miss. 1892, § 2737. Under the common law, the bar of a note secured by a mortgage did not bar the remedy by foreclosure (Bank v. Guttschlick, 14 Pet. 19, 31, 10 L. Ed. 335); but in Mississippi, under the present statutes, when the action at law on notes secured by mortgage is barred, the remedy in equity on the mortgage is also barred. Code Miss. 1892, § 2733.

The last note secured by the mortgage became due January 1, 1896, and more than six years elapsed before the beginning of this suit on January 1, 1904. Section 2732 of the Mississippi Code provides that, when a mortgagee, after a condition broken, shall obtain the actual possession or receipt of the profits or rent of the land embraced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within 10 years after the time at which the mortgagee obtained possession. Section 2755 provides that the completion of the period of limitation shall extinguish the right as well as the remedy. The statutes, taken literally and applied to all cases, bar the mortgagee of all remedy and all right in

six years, and bar the mortgagor's right of redemption in 10 years after possession by the mortgagee. Making all the statutes applicable to the case where the mortgagee is in possession, there would be a period of four years in which the mortgagee's remedy and right was extinguished, and yet in which the mortgagor would be permitted to redeem, but in which he would be required to pay the extinguished debt before he would be permitted to recover the possession. If the expiration of six years extinguishes the debt—and the statute says that it does—it is difficult to see why it is expressly provided that the mortgagor should have 10 years, four years after the debt is extinguished, in which to pay the debt by redemption. This seeming incongruity would be removed entirely by a construction of the statutes which makes the limitation provided for by section 2733 applicable alone to a mortgagee out of possession, and who seeks in an action or suit or other proceeding to collect the debt or to enforce the mortgage. It may be well to remember that prescription and statutes of limitation do not ordinarily run against those in possession.

Under section 2732, the mortgagee's possession for 10 years will ripen into absolute title against the mortgagor, cutting off the latter's right of redemption. Can it be that, during the first 6 of the same 10 years, sections 2733 and 2737 would cut off the mortgagee's right of foreclosure and extinguish the debt secured by the mortgage? It is not probable, we think, that the Legislature intended that the statute of 6 years should run against the mortgagee in possession, while the statute of 10 years was running in his favor; that time should be cutting off his rights with a 6 years' statute while it was securing him a title with a 10 years' statute. But in this case, not only do the complainants occupy the position of a mortgagee in possession, but they are in possession under an attempted foreclosure, by a sale void for the purpose of affecting the title, and voidable for all purposes at the option of the parties, but made under circumstances believed at the time to make it valid, and that created an apparent credit of $35,000 on the mortgage debt. The facts alleged show that the complainants relied on the sale and possession under it as crediting the mortgage by the amount of the bid and as conferring on them the right to hold the land as owners. Construing the statute of limitations before the adoption of the code in which it is re-enacted, the Supreme Court of Mississippi, in Barnett v. Nichols, 56 Miss. 622, made an observation that is exceedingly pertinent to this discussion:

"It is the settled doctrine that full relief will be administered in a court of chancery, where the bar has attached during the pendency of unfounded litigation instituted by the debtor; and no substantial difference in principle is seen between such a case and one where it has attached while the creditor was relying upon an invalid payment."

There is no doubt that the mortgagor's heirs could, within 10 years after the mortgagee took possession, maintain a bill to redeem and for an accounting. If they filed such bill, they could not redeem and recover the land, and at the same time get the benefit of the credit for the amount that the land sold for at the sale. The sale being avoided, the credit would also be avoided, and the mortgagor's heirs would be

charged with the entire debt. That being so, the status as to the amount of the debt being restored, it would seem inequitable to hold that the statute of limitation of six years was running against the creditor and mortgagee, notwithstanding his reliance on the credit as a part payment, and on his possession based on the voidable sale. It is conceded and unquestioned by authority that the mortgagor's heirs, in a proceeding to redeem, would have to pay the entire debt; that no statute of limitation, although by its terms its effect is to extinguish the debt, would enable the mortgagor's heirs to obtain possession of the land by suit without paying the debt in full. But this, it is claimed, comes from the rule that they would be required to do equity. Conceding that the rule requiring them to do equity is applicable to require the payment of the debt extinguished by the statute, is it necessary to resort to such rule? Is it not more reasonable to say that they must pay the debt, because under the circumstances the mortgagee's right is not affected by the statute of limitation? It is conceded that the mortgagee in possession, after the expiration of six years from the maturity of the debt, has equitable rights—the right to hold possession and collect the rents till the barred debt is paid by the rents. The rents, when collected, must be applied to the debt by a decree of the court to effect payment. Hubbell v. Moulson, 53 N. Y. 225, 13 Am. Rep. 519.

As a decree of the court is necessary to close the accounts and settle the equities, what good reason is there for not permitting the mortgagee, as well as the mortgagor, to invoke the action of the court? The mortgagee is to be credited by taxes and reasonable repairs and other payments, and is to be charged with rents. Lapse of time adds to the difficulty of stating the account. Only the adult heir is required to proceed to redeem and for an accounting within 10 years. Where there are minors, as in the instant case, another long period may be added to the time in which redemption is allowed. Code Miss. 1892, § 2746. The construction that the appellees would have us place on the statutes would make the complainants, although they were in possession under a void or voidable purchase, on account of which they had credited the mortgage, entirely without remedy to close the account and settle the contention as to the title to the property. Having equitable rights, they could get no relief in equity, unless the mortgagor brought suit to redeem. This ruling would arm the mortgagor with the power by mere inaction to indefinitely delay a settlement. We think it more reasonable to place a construction on the statutes that would prevent this result, and permit the mortgagee in possession, under the circumstances of this case, to proceed to have the accounts closed and the rights of the parties adjusted.

We concur fully in the opinion of the Supreme Court of Mississippi in Allen v. Alliance Trust Co., 84 Miss. 319, 331, 36 South. 285, that the statute of limitations does not, under the circumstances, bar the complainants of the right to relief.

The decree of the Circuit Court is reversed, and the cause remanded, with instructions to overrule the demurrer, and to proceed further in accordance with the views herein expressed.

Note.

Sec. 2449. Mortgages and Trust Estates: Trust-Estates Subject to Execution.—Estates of any kind holden or possessed in trust for another, shall be subject to the like debts and charges of the person to whose use or for whose benefit they are holden or possessed as they would have been subject to if the person had owned the like interest in the thing holden or possessed as he may own in the uses or trusts thereof, whether the trusts be fully executed or not, and may be sold under execution at law, so as to pass whatever interest the cestui que trust may have, and, before a sale under a mortgage or deed of trust, the mortgagor or grantor shall be deemed the owner of the legal title of the property conveyed in such mortgage or deed of trust, except as against the mortgagee and his assigns, or the trustee after breach of the condition of such mortgage or deed of trust.

Sec. 2732. Mortgages and Deeds of Trust.—When a mortgagee, after condition broken, shall obtain the actual possession or receipt of the profits or rent of land embraced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt, unless in the meantime an acknowledgment of the title of the mortgagor, or of his right of redemption, shall have been given in writing, signed by the mortgagee or the person claiming through him; and in such case a suit may not be brought but within ten years next after the time at which such acknowledgment, or the last of such acknowledgments, if more than one, was given; but such acknowledgment shall be effectual only as against, and to the extent of the interest of the party signing it.

Sec. 2733. Remedy on Mortgage Barred When Debt is.—When a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law to secure the payment of a sum of money specified in any writing, an action or suit or other proceeding shall not be brought or had upon such lien, mortgage or deed of trust to recover the sum of money so secured but within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such mortgage or deed of trust may be specified; and in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred.

Sec. 2737. Actions to be Brought in Six Years.—All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.

Sec. 2746. Saving in Favor of Those Under Disabilities.—If any person entitled to bring any of the personal actions before mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed; but the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one years.

Sec. 2755. Completion of Limitation Extinguishes Right.—The completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy; but the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon.