## KEELER v. GOODMAN.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1924.)

### No. 4110.

1. **Sales** 479(11)—**Under law of Tennessee, retaking of property under conditional sale contract does not extinguish indebtedness.**

Under Shannon's Ann. Code Tenn. §§ 3666, 3668, reservation of title in a seller is in the nature of a mortgage, and where, on default, the property is retaken, it is required to be sold as therein provided, and any excess received over the amount due on the contract paid to the purchaser, and, if there is a deficiency, a note given for the purchase price remains a valid obligation for the balance due.

2. **Courts** 367—**Law of state where contract made and to be performed held to govern conditional sale in federal court.**

Where a conditional sale contract was made and to be performed in Tennessee, in which state reservation of title is in the nature of a mortgage, the law of that state as a rule of property governs the rights of the parties in a federal court.

In Error to the District Court of the United States for the Northern District of Mississippi; William I. Grubb, Judge.

Action at law by A. Goodman, trustee, against Charles D. Keeler. Judgment for plaintiff, and defendant brings error. Affirmed.

John W. Cutrer, J. C. Cutrer, and Edward W. Smith, all of Clarksdale, Miss. (W. T. Covington, Jr., of Clarksdale, Miss., on the brief), for plaintiff in error.

Lowell W. Taylor, of Memphis, Tenn. (T. A. Frazier, of Clarksdale, Miss., on the brief), for defendant in error.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER and BRYAN, Circuit Judges, and ERVIN, District Judge.

ERVIN, District Judge. This was an action brought in the District Court in Mississippi by defendant in error as indorsee against plaintiff in error as indorser of a note made in Tennessee and payable at the office of Union & Planters' Bank & Trust Company, Memphis, Tenn. The defenses set up were: The general issue, under which it was contended there had been a material alteration of the note; that plaintiff was not the owner of the note; third, that the note was given as part payment of an automobile, and contained a provision reserving title to the auto in the seller as security, and providing that, in the event of failure to pay said note at maturity, all rights of the maker under the contract should be forfeited, and the payee may resume possession of the auto without liability to refund any part of the moneys that may have been paid to it; that there was default in payment, and possession of the auto was taken, and a sale was made of it by defendant in error.

[1] On the trial there was verdict for plaintiff, which disposes of the first two issues. The remaining question is whether the taking possession of the auto and selling it, upon the default in payment of the note, forfeited or terminated plaintiff's rights to proceed against the maker or indorser of the note. There are many cases cited in the brief of plaintiff in error to sustain this contention. It appears, however, that the law of Tennessee is to the contrary. Proof was made of the law of Tennessee, and that the sale of the auto after its taking was made as required by section 3666, Shannon's Annotated Code:

"When any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, to, within ten days after regaining said possession, advertise said property for sale, for cash, to the highest bidder, by written or printed posters posted at as many as three public places in the county where the property is to be sold, one of said places to be in the district in which said property is to be sold and one at the courthouse door in the county in which the property is to be sold, and the other or third at any public place in the county, said notice to be posted at least ten days before the date of sale, and to contain a description of the property to be sold, and time and place of said sale. Unless the debt is satisfied before the day of sale, then it shall be the duty of said original seller, or his agent, at the time and place as stated in said notices, to offer for sale, and sell, said property, as provided above, and, with the proceeds of said sale, satisfy the amount of his claim arising from said conditional sale above mentioned, and the expenses of advertisement, if any, and the remainder of said proceeds, if any, he shall pay over to the original purchaser; but the said original seller and purchaser may at any time, by agreement, waive the sale provided in this article."

Section 3668 of said Code reads as follows:

"Should said property, at the sale provided by this article, fail to realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser."

[2] There seems to be no dispute as to the law of Tennessee, but the contention is that neither this court nor the District Court was

bound by that law. In Hiscock v Varick Bank of N. Y., 206 U. S. 37, 27 Sup. Ct. 684, 51 L. Ed. 945, it is said:

"The contracts of pledge were made, executed and to be performed in the state of New York, and the rights of the parties were governed by the law of that state."

This court, in Haggart v. Wilczinski, 143 Fed. 26, 74 C. C. A. 180, said:

"The settled law of a state on the subject of mortgages is regarded as a rule of property, and the federal courts are governed by the statutes and decisions of the courts of last resort in the state where the property mortgaged is situated, and where the controversy arose."

The reservation of title under the Tennessee statute is in the nature of a mortgage. Whatever may be the rule elsewhere, we feel that in this case we are bound by the law as it exists in Tennessee. It has been so frequently held that there is no appeal to this court from a refusal to grant a new trial that no citation on that proposition is necessary.

We find no reversible error in the record. The case is therefore affirmed.