## TOLIVER F. LINDSEY *v.* JOHN HENDERSON.

A party may take his exceptions in several and distinct bills, if he thinks proper to do so; but the practice of embodying the whole in one bill of exceptions, is sanctioned by reason and precedent.

H.'s deed from F. was prior in date to the judgment against F., under which the defendant purchased and claims title, yet the deed was not registered in the county where the land lay until several months after the rendition of the judgment; the deed could not operate as constructive notice of the convey-

Lindsey *v.* Henderson.

ance to creditors and subsequent purchasers; and there is no evidence showing that H.'s lessor had actual possession of the premises at the date 'of the judgment:— *Held,* that without such notice, actual or constructive, of the deed, the liens of the judgment at its date attached upon whatever property F. had, which was liable to creditors upon execution.

F. was the assignee of the certificate of entry issued to K. for the land; and by the act of 28th of June, 1822 (Hutch. Co. 858), all such certificates, issued in pursuance of the act of congress, by any board of commissioners, register, &c. for land, shall be received as vesting a complete title in the person in whose favor it is issued or granted, his heirs, or their assigns, so far as to enable the holder of such certificate to maintain any action thereon; and the same shall be received in evidence as such in any court in this State :— *Held,* that this act vests the complete legal title in the party to whom it is issued, and his assigns, so as to enable the holder to maintain any action thereon.

The highest test of a legal title is, that it is such as will enable the owner to maintain an action at law upon it for the land :— *Held,* that the intention of the statute referred to was to give to the certificate, while it remained in full force and uncancelled, the power of vesting a full, complete, and legal title to all intents and purposes in the party and his assignee, the holder of the certificate.

The circuit court erred in excluding the judgment, execution, and sheriff's deed, offered in evidence by L.

IN error from the circuit court of Choctaw county; Hon. F. M. Rogers, judge.

John Henderson instituted his action of ejectment in the Choctaw circuit court at the March term, 1848, against plaintiff in error, for the recovery of the south half of section 21, township 19, range 9 east. Henderson's title to the land in question is a deed of conveyance from one Edward P. Forniquet, dated 19th of June, 1839, the certificate of the register of the land-office of entry by William Kirkwood, dated 12th of January, 1835, transferred on the same day to Forniquet, to whom the patent, as the transferree of Kirkwood, was issued; which was offered as evidence on the part of the plaintiff, and admitted by the court, which was excepted to by defendant. Henderson's title was not recorded in the county of Choctaw until the 24th of November, 1840.

Lindsey claims title under the following deeds: 1. Deed by sheriff of Choctaw county, land levied on and sold by virtue of an execution issued on judgment obtained in Holmes circuit

court the 23d of October, 1839, against Kirkwood, as the property of said Kirkwood. 2. A deed from the sheriff of Choctaw county, the land having been levied and sold by virtue of an execution and judgment rendered in Adams county on the 25th of June, 1840, in favor of Lewis Lane against Edward P. Forniquet, and sold as his property. Lindsey became the purchaser.

*Acee* for appellant.

*Henderson* and *Hemphill* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

The defendant in error brought this action of ejectment in the circuit court of Choctaw county in March, 1848, to recover of the plaintiff in error a tract of land lying in that county. The judgment was against the defendant below, who brings the case here.

A preliminary question, raised by the defendant in error, first deserves consideration.

It appears by the bill of exceptions, that on the trial sundry objections were made by the defendant below; 1st, to the admission of evidence offered by the plaintiff, and which was admitted by the court; and 2d, to the rejection of evidence offered by the defendant. To all these rulings of the court the defendant excepted, and embodied all the points of exception, and all the evidence in the cause, in one bill of exceptions, which was signed and sealed in due form by the court. No motion for a new trial was made, and the case is brought here upon this bill of exceptions.

The defendant in error insists that it is not competent to embody several exceptions in one bill, except in the case of a motion for a new trial and the action of the court thereon, because it is only by virtue of the statute of 16th of December, 1830, Hutch. Dig. 885, that a party has the right to embody all the evidence in a bill of exceptions, which right is confined to cases of motions for new trial; and, therefore, that this bill of exceptions cannot be noticed by this court.

We cannot sanction this view of the subject. Under the practice at common law, a writ of error did not lie to the action of a court in granting or overruling a motion for a new trial, nor was it permitted to take exception to the rulings of the court on the trial, unless the exception were reduced to writing in substance, and tendered at the trial. The act of 1830 seems to have been passed to give a more ample remedy in these respects. By its terms, the right of exception is given to the action of the court below on motions for new trials, though no exception were taken at the trial, and the substance of the evidence adduced on the trial is required to be stated in the bill of exceptions, in order that this court may properly determine whether upon the whole case the court below erred or not in its action upon the motion for a new trial. But this does not deprive a party of his right of exception under the rules established by the practice in England. By that practice it was competent to embrace several points of exception, as well as all the evidence offered on the trial, in one and the same bill; and the court of errors in such case looked to the whole evidence on both sides, and determined whether or not upon the whole record the judgment was correct. 2 Tidd's Pr. 864. It is true that a party may take his exceptions in several and distinct bills, if he sees proper to do so; but the practice of embodying the whole in one bill is sanctioned by reason and precedent, as well as by convenience, in saving expense, and in presenting the whole case at one view to the appellate court.

We proceed to consider such points presented by the plaintiff in error as are necessary to the determination of the case.

First; it appears by the record that the demise laid in the declaration was for the period of ten years, commencing on the 20th of January, 1840. The case was tried and the judgment rendered at December term, 1850, at which time the lease had expired. It is, therefore, insisted that upon the plaintiff's own showing, he could not then recover, and that the judgment should be reversed. On the contrary, it is said that this objection should not be entertained here, 1st, because it was not made in the court below, where, if made, it could have been obviated by amendment; and 2d, because the demise is mere matter of

form, the substantial thing involved in the suit being the title of the plaintiff to the land. But it is no answer to the objection in a case like this, that it was not made in the court below. The question is, Is the judgment in behalf of the plaintiff warranted by the claim asserted by him? If it be not, it is erroneous, and upon the complaint of the adverse party should be reversed; and *a fortiori*, if no judgment at all could be rendered in his favor upon the case presented. It is true that the lease stated in the declaration is matter of form. Still it is a form indispensable to the action as brought, and must be pursued. Adams on Ejectment, 288. *Roseberry* v. *Seney*, 3 Har. & John. 228. Nor has this court the power to allow an amendment to be made here to support the judgment. Our duty is to pronounce whether the judgment, as it stands, is erroneous or not; and though an enlargement of the term should be allowed when the case goes back to the court below, we have no right to prejudice the legal rights of the plaintiff in error by allowing it here, and thereby defeat his writ of error, which was properly brought as the record came to us.

Again, it is said that this error is cured by the 15th section of the statute of 1850, abolishing the old forms of pleadings. But that statute cannot apply to this action, which was brought in the old form and before the passage of that act.

We will next consider the objections to the proceedings below involving the merits of the case.

The plaintiff's lessor, in support of his title, showed on the trial that the land in controversy was entered at the United States land office at Columbus, in this State, in January, 1835, by one Kirkwood, who received a certificate of entry, which he assigned on the same day of the entry to E. P. Forniquet, who, on the 19th of June, 1839, made a deed of conveyance of the land to the plaintiff's lessor, but the deed was not registered in Choctaw county until the 24th of November, 1840; that a patent for the land was issued by the United States to Forniquet as holder and assignee of the certificate of Kirkwood, on the 27th of February, 1841; and this constituted his title.

The defendant then, besides other evidences of title in law, offered in evidence the record of a judgment against Forniquet

rendered on the 25th of June, 1840, in Adams circuit court, and an execution thereon, by virtue of which the sheriff sold and conveyed the land to the defendant on the 5th of April, 1841, and the sheriff's deed of that. date. To the admission of all this evidence, the plaintiff objected, and the court sustained the objection, and excluded the evidence; and this, it is insisted, was erroneous.

The propriety of this ruling of the court depends upon the question whether, upon the title as shown by the plaintiff's lessor and the evidence of title offered by the defendant, the one or the other had the better title.

It will be observed, that although the plaintiff's deed from Forniquet was prior in date to the judgment against Forniquet, under which the defendant purchased and claimed title, yet that it was not registered in the county where the land lay until several months after the rendition of the judgment. The deed could not, therefore, operate as constructive notice of the conveyance to creditors and subsequent purchasers, and there is no evidence in the record showing that the plaintiff's lessor had actual possession of the premises at the date of the judgment. There was, then, no notice either actual or constructive of the deed to prevent the lien of the judgment from attaching at its date, and consequently it then attached upon whatever property Forniquet had which was liable to creditors upon execution.

Considering the deed, then, as no impediment to the execution, had Forniquet, apart from the deed to the plaintiff, such an estate or interest in the land as could be sold by execution? It is shown that he was at the time the holder and assignee of the certificate of entry issued to Kirkwood for the land. By the act of 28th June, 1822, Hutch. Dig. 859, "all certificates issued in pursuance of any act of congress by any board of commissioners, registrar of a land office," &c. "for any lands in this State, shall be taken and received as vesting a full, complete, and legal title in the person in whose favor the said certificate is granted to the lands therein mentioned, and. his, her, or their assigns, so far as to enable the holder of such certificate to maintain any action thereon, and the same shall be received in evidence as such in any court in this State." This provision

appears to be clear beyond doubt. It vests the complete legal title in the party to whom it is issued, and his assigns, so as to enable the holder to maintain any action thereon. The highest test of a legal title is, that it is such as will enable the owner to maintain an action at law upon it for the land. And it is not to be supposed that the legislature, who must have been aware of this legal principle, intended to give such an effect to the certificate in the hands of the party or his assignee holding it, unless it was intended to vest the legal estate in such person to all intents and purposes, while the certificate remained in full force and uncancelled. No reason can be perceived why the legislature should give to the certificate the effect of vesting a complete legal title only to the extent of enabling the holder to maintain an action; for, if the title were thus restricted, the party to whom the certificate was granted would have no power to convey the legal title by deed to a purchaser, nor could the legal title be sold under execution against him. Thus he could never sell or get credit upon his legal title, and it would become entirely unavailable to him unless he should be under the necessity of instituting a suit for the land, and then it becomes available to him, but only for that purpose. We do not think that this was the intention of the statute; and considering the comprehensive language used, and the beneficial effect intended to be given to the certificate, we are unable to put any other construction upon it than that it was intended that the certificate, while it remained in full force and uncancelled, should " vest a full, complete, and legal title " to all intents and purposes, in the party and his assignee, the holder of the certificate.

It follows from this view, that Forniquet held the legal title to the land at the date of the judgment, and that it was conveyed by the sheriff's sale to the defendant, who thereby acquired a title superior to that of the plaintiff's lessor. It was, therefore, error to exclude the judgment, execution, and sheriff's deed.

The judgment is reversed, and the case remanded.