| 33 | 453 |
| f91 | 710 |

### ROBERT HUNTINGDON *v.* GRANTLAND & ANDERSON.

1. VENDOR AND VENDEE: RIGHT OF VENDOR TO MAKE DEFENCE FOR THE BENEFIT OF HIS VENDEE.—A vendor with covenants of warranty of title may avail himself of any remedy, in defence of an action of ejectment to recover the land,

which his vendee may; and hence if it be proper that the vendee should go into equity to make his defence, the vendor may also maintain a bill for that purpose.

2. SAME: ASSIGNEE OF CERTIFICATE OF ENTRY: RIGHTS OF PURCHASER AT SHERIFF'S SALE, AS AGAINST HIM.—The interest of the original enterer of land from the Federal Government, is subject to sale under an execution against him, before the issuance of a patent, and if the lien of the judgment attach before the assignment of the certificate of entry, or if the sale be made before the assignment, or before the assignee has put on record in the Land Office, at which the original entry was made, the evidence of the assignment, the purchaser acquires a good title. See *Martin* v. *Nash*, 31 Miss. R. 324.

3. SAME: PURCHASER AT SHERIFF'S SALE, ENTITLED TO DISCOVERY IN REFERENCE TO ASSIGNMENT.—The purchaser at sheriff's sale, of land under a judgment against the original enterer from the General Government, has a right to a discovery from the assignee to whom the land has been patented, as to the date of the assignment, and the manner in which it was made.

APPEAL from the Superior Court of Chancery.  Hon. Charles Scott, chancellor.

*Robert Huntingdon, George L. Potter,* and *Yerger & Rucks,* for appellant.

*James A. Groves,* for appellee.

FISHER, J., delivered the opinion of the court.

This was a bill filed by the appellant and others in the Superior Court of Chancery, to enjoin the appellees from prosecuting certain actions at law, to recover divers tracts of land in the possession of the parties named in the bill.

The important facts are as follows.  One Walthall entered the land, in 1835 or 1836, in the land office at Columbus.  Judgments were thereafter recovered against him, and the land was sold, about 1840, under executions issued on said judgments, and purchased by Huntingdon, who has since sold to the several parties sued at law.

The appellees, as appears by the allegations of the bill, claim the land by virtue of patents, issued by the General Government. It is supposed that they claim as the assignees of Walthall, but the complainant alleges, that he is unable to give the date of the assignment, or to state the manner in which it was made, if in fact it was

made at all. The appellees demurred to the bill, and the chancellor having sustained the demurrer, this appeal has been prosecuted.

But two questions arise for consideration:

First. The complainant having sold the land, and given covenants of warranty as to the title, can he maintain this bill, supposing it in other respects to be sufficient?

The complainant being bound to protect the title of his vendee, can avail himself of any remedy, of which the vendee could avail himself. The vendee being sued, and giving notice to his vendor to defend, the latter can, of course, make his defence in equity, if that be the tribunal in which he must seek his remedy. He has selected his court, and the question is, whether he has made the proper selection.

This brings us to the second question.

The law is now settled in this State, that lands purchased from the United States, may be sold under execution before a patent has been issued by the Government. If therefore these lands were sold before Walthall made any transfer of them, by assigning his certificates of entry, and placing the proper evidence of such assignment of record in the land office where the entries were made, there can be no question as to the validity of the title acquired at the execution sale. We may indeed go further and say, that if the liens of the judgments had attached, and were operative at the date of the assignment, if made as above, the complainant has the superior title. The complainant, being ignorant as to the date of the assignment; is entitled to a discovery as to this fact; and coming into equity for one purpose, he can maintain his bill for complete relief.

We are therefore of opinion, that the court below erred in sustaining the demurrer.

Decree reversed, and demurrer overruled.