AUGUSTA W. WALL ET AL. v. JOHN W. HARRIS.

[44 South., 36.]

EQUITY. *Injunction. Action at law. Unconscionable advantage. Deed of trust. Void sale. Ejectment after debt barred.*

A court of chancery, at the suit of a complainant willing to do equity, will enjoin an ejectment against the beneficiary in a deed of trust on the land, predicated of an invalidity in the appointment of a substituted trustee by whom the land was sold to complainant, instituted after the complainant had been in possession for eight years and the debt secured by the deed had become barred by the statute of limitations.

FROM the chancery court of Marshall county.

HON. JULIAN C. WILSON, Chancellor.

Harris, appellee, was complainant in the court below; Mrs. Wall and others, appellants, were defendants there. The demurrer of defendants to the bill of complaint was overruled and they appealed from the decree overruling it to the supreme court.

*Smith & Totten,* for appellants.

The remedy on mortgages is barred when the debt is barred. Code 1906, § 3093; Code 1892, § 2733.

The indebtedness secured by the deed of trust being an ordinary promissory note, the statute of limitations of six years applied to it. The note was given on the 1st day of January, 1892, and became barred on the 4th day of January, 1899.

The sale being void, and appellee being barred, he holds the land as a trespasser, pure and simple.

The statute of limitation of ten years' adverse possession began to run in appellee's favor on the 1st day of January, 1898, and continued thus to run until the bringing of the ejectment suit against him, a period of less than ten years.

Now, had the statute of ten years become complete in favor of appellee, before the bringing of this suit, then the sore on appellee's title would have healed, and his title have become perfected; but on January 1, 1899, his right of action on the note became barred. Had the ten years' statute applied, then the right of these appellants would have been lost, and we desire to ask if the law is more tender in enforcing one statute of limitations than another. Are not appellants' rights to the benefit of the six ears' statute of limitation as equitable, when it has matured, as would be appellee's right to quiet title under the ten years' statute of limitation, if the same had matured?

If appellee, without any pretense of right, had gone into the possession of appellant's land and held for ten years adversely, his title would have become absolute by the *vis major* of the statute. This way of acquiring title has no equity with it, but it is in accordance with the statute. Will the law permit appellant to put in motion a statute of limitation in his favor, and not hold him responsive to the statute that runs against him at the same time? Is it right to allow the statute to run in his favor and to stay the effect of the statute that runs against him?

A *cestui que trust* cannot by law become a mortgagee in possession. Jones on Mortgages, sec. 719. Certain circumstances may, however, occur whereby the law may treat him as such; but it can only arise out of the peculiar conditions of facts in a given case, by applying the doctrine of estoppel upon facts justifying the same. There is nothing in this case to give place to the doctrine of estoppel. The learned chancellor in the court below based his decision in this case on the case of *Lucas* v. *Mortgage Co.,* 72 Miss., 366, s.c., 16, South., 358. The facts in this case are entirely different. Here the pretended sale was made on the 4th day of September, 1897, ignoring the requirements of chapter 96, Laws 1896, regarding sales by substituted trustees under deeds of trust. The appointment of the substituted trustee not having been spread at

large upon the records, or by separate instruments recorded, etc. This statute renders that sale void, and Code 1906, § 2773 (being Laws 1896, ch. 96, brought forward), denounces it as absolutely null and void, both at law and in equity.

In conclusion, we submit that appellee knew or should have known from the first that he acquired no title to the land under the sale. It was his act in procuring the illegal sale, and he was alone responsible for the nature, of the title that he got thereunder; and he should not now be heard in an attempt to make valid his illegal taking of appellants' property, in open violation of the statute.

Again, we submit, that while at common law the legal estate vested in the mortgagee, and was forfeited upon default of payment of the indebtedness thereby secured, our statute has changed this, and the mortgagor is deemed the owner of the legal title, and when the debt is barred, the remedy in equity on the mortgage is likewise barred. Code 1892, § 2733, Code 1906, § 3093.

Further, it would be unjust to appellants in this case to apply the doctrine of a mortgagee in possession, as appellee has never, since he took possession of the land, recognized that he held the same in trust for the appellants, as is the case required of mortgagees in possession. Jones on Mortgages, sec. 10.

*Mayes & Longstreet,* for appellee.

The demurrer raises two questions: 1. Whether the statute of limitations runs against the debt to a mortgagee in possession, and 2, whether, even if so, the right to have a foreclosure sale by judicial decree is, in Mississippi, always barred when the debt secured is barred by the statute of limitations, or, whether under circumstances where an actual or constructive fraud would be thereby effected, the defendants may not be eqitably estopped to set up the bar.

It is well settled that a mortgagee who obtains possession

peaceably, will not be dispossessed until the debt is fully paid; and this principle is not to be avoided by the fact that the personal liability on the debt is barred. "The mortgagee may maintain such possession against the mortgagor and every person claiming under him subsequent to the mortgage, subject to be defeated only by the payment of this debt." *Cook* v. *Cooper,* 18 Ore., 142. See also, *Helm* v. *Yerger,* 61 Miss., 44-51; *Den* v. *Wright,* 7 N. J. Law, 175; *Frank* v. *LeRoy,* 49 Calif., 314; *Spect* v. *Spect,* 13 L. R. A., 137; *Fountain* v. *Brooks Strader,* 141 Ill., 461.

The question here is not as to the right of a mortgagee out of possession to have judicial foreclosure; but the different question of whether the statute runs at all against the right to proceed *in rem* while the mortgagee is rightfully in possession. We submit that it does not. The peaceable possession by the mortgagee is analogous to the filing of a bill for foreclosure, so far as the running of the statute of limitations is concerned, and suspends it as in the case of the filing of a bill. *Mc-Donald* v. *Vinson,* 56 Miss., 497.

Code 1892, § 2733, relied on by appellants, does not govern this case, but has relation to the independent remedies of a mortgagee out of possession; and its whole purpose is clearly expressed in its final clause, that " in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred." This is clearly a dealing with the old distinction between the method of judicial procedure for a judgment *in personam,* and the method for a judgment *in rem.*

In the case of *Haggart* v. *Wilczinski,* 143 Fed. Rep., 22 (74 C. C. A., 176), the United States circuit court of appeals held that our Code of 1892, § 2733, does not apply to mortgagees in possession. This case cited is almost identical in its facts with the case at bar. See also, *Allen* v. *Alliance Trust Co.,* 84 Miss., 319, s.c., 36 South., 285.

It is Code 1892, § 2732, which controls in the case of a mort-

gagee in possession. We submit that this section should be considered in this case, in connection with Code 1892, § 2749, on the subject of when the limitation of action begins to run in a case of concealed fraud.

Even if the statute of limitations does run against the mortgagee in possession, the facts in this case would establish an estoppel against the defendants such as would place them beyond the pale of the operation of the statute. *Suggs* v. *Thrasher,* 30 Miss., 135. The mortgagors by remaining quiet and inactive, when it was incumbent upon them to declare themselves (the sale being voidable at their election, and not void), led the mortgagee into believing that they had elected to treat the sale and credit of proceeds as binding; and since the mortgagee, relying on this implied representation, and consequently, believing that his title was a good one, allowed his debt and remedy to become barred at law, equity will not permit the mortgagors to now come forward and avail themselves of a mere legal technicality to dispossess the mortgagee of the land, when to do so, would work a gross injustice and a harsh injury. *Stratton* v. *Bryant,* 55 Miss., 251.

Argued orally by *Lucius L. Mayes,* for appellee.

CALHOON, J., delivered the opinion of the court.

The appellant, Augusta W. Wall, and her husband, James M. Wall, executed their promissory note for $746 to appellee, Harris, in June, 1892, and on the same day executed a trust deed to W. G. Phillips as trustee to secure that note, which note became due on January 1, 1893, and carried interest from its date at the rate of ten per cent per annum. This note was permitted to run on unpaid until 1897, when, Phillips having refused to execute the trust, Harris, the beneficiary, appointed one Bennett as substituted trustee; but this appointment of substitution was not recorded. After due advertisement the substituted trustee, Bennett, sold the land on

September 4, 1897, according to the terms of the trust deed, and appellee, Harris, became the purchaser of it for $690, and his bid was duly credited on the note.  On January 1 thereafter (1898) Harris took possession of the land, and continued in such possession, without dispute or interruption, for eight years, and until July, 1906, when Mrs. Wall and the heirs of her deceased husband, James M. Wall, brought ejectment against Harris, the beneficiary of the trust deed, in the circuit court, for the possession of the land and mesne profits and damages, which the declaration makes to aggregate about $1,500. Thereupon the appellee, Harris, filed his bill in chancery, which concedes that the sale by the substituted trustee was irregular under the previous decisions of this court, but states that there remained still due him on the indebtedness about $800, to which he is entitled, and that, if the ejectment suit should be permitted to proceed, he would be deprived of the possession of the land, which, as he asserts, he is, as mortgagee in possession, entitled to hold until the indebtedness is paid, notwithstanding he got possession under this irregular and invalid sale, and for an account, etc., and for final decree perpetuating the injunction and directing payment of any balance that may be due him on the note, and that they be required to pay within a time to be fixed, and upon failure to do so that the land should be decreed to be sold for the payment, and for general relief.  On his prayer the appellants were enjoined from further prosecuting the ejectment suit until the hearing of the equity procedure.  The appellants demurred to this bill, and their demurrer was overruled, and they appeal.

It would shock the conscience of the court if this beneficiary in peaceable possession should be required to give up the land, and appellants be permitted to hold to the same, and also to avoid payment of the debt.  We regard this question as settled by a concluding paragraph of the opinion of this court in *Allen* v. *Alliance Trust Co.,* 84 Miss., 319, 36 South., 285, and by the same case, with a different party complainant,

styled *Haggard* v. *Wilczinski*, 143 Fed., 22, 74 C. C. A., 176. We apprehend that no court would permit the grantors in a trust deed, under the circumstances set forth in this bill, to stand quietly by for eight years, with the beneficiary peaceably in possession, and wait until the note which the trust deed secured became barred by limitation, and then take the land free from the obligation of any of the debt and with rents and profits. The only protection in this situation which the beneficiary had was to file a bill stopping such a claim in a law court, with the full tender to do equity in every regard. Such appeal to a court of conscience furnishes the only defensive course which the beneficiary could pursue.

*Affirmed and remanded.*