JAY H. JOHNSON v. REUBEN M. DAVIS.

[45 South., 979.]

1. EVIDENCE.    *Code* 1906, § 1959.    *Code* 1906, § 4983.    *Boxing pine trees for turpentine.    United States' Land office certificate.*

  A United States land office certificate showing the entry or purchase of government lands is made competent evidence of title in the person to whom it was issued by Code 1906, § 1959, so providing and authorizes him to maintain an action, under Code 1906, § 4983, giving the owner of pine trees a statutory penalty against another for boxing them for turpentine without his consent.

2. SAME.

  This statutory rule of evidence has been the law since 1822. Hutchinson's Code, p. 858, art, 1, § 87; Code 1857, p. 517, art. 229; Code 1871, § 808; Code 1880, § 1623; Code 1892, § 1782; Code 1906, § 1959.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Davis, appellee, was plaintiff in the court court below; Johnson, appellant, was defendant. there.    From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Plaintiff sued defendant for the statutory penalty, under Code 1906, § 4983, providing that if any person shall box for turpentine, or cut or cause to be cut a box or boxes in a pine tree on land not his own without consent of the owner of the land or tree, he shall pay to the owner thereof five dollars for each pine tree so boxed or cut.

The opinion of the court states the facts.

*Harper & Harper* and *W. R. Harper,* for appellant.

The evidence shows that Davis, the appellee, had no patent to the land from the United States Government, but had only made application to buy the land, had paid the money for it, and had a receipt from the United States Land Office. The title to the land was accordingly still in the United States Government.

If Davis, the appellee, is allowed to recover from appellant, it would be no bar to the right of the United States Government to bring another suit against appellant.

*Doty & Elmer,* for appellee.

The title to the land upon which the trees were standing was in Davis, the appellee, and he was moreover in absolute possession and control.

CALHOON, J., delivered the opinion of the court.

This is an action of trespass for the recovery of statutory damages for the boxing and cutting of pine trees. To this declaration the defendant pleaded not guilty. The verdict and judgment were for the plaintiff below, and the defendant appeals to this court.

The learned counsel for the defendant below, the appellant here, fully appreciating that they could get no reversal on the facts, base their written argument on the sole ground that the record shows that the plaintiff below had no title, alleging that the actual title is in the United States Government until patent issued. The record shows that the plaintiff proved possession and showed on trial a regular certificate from the proper officer of the United States Government, the register of the land office, of the location of the land by the plaintiff, and, further, a receipt from the United States receiver of the proper amount in full of this eighty acres. Section 1959, Code 1906, fully covers this case, and provides that such certificates " shall vest the full legal title to such land in the person to whom such cer-

tificate is granted, his heirs or assigns, so far as to enable the holder thereof to maintain an action thereon, and the same shall be received in evidence as such saving the paramount rights of other persons." We also discover that this statute has been sustained in *Lindsey* v. *Henderson,* 27 Miss., 502; *Marlin* v. *Nash,* 31 Miss., 324, 330; *Huntington* v. *Grantland,* 33 Miss., 453. All of these cases are on a statute in Hutchinson's Code, p. 858, ch. 60, art. 1, § 87, with the same phraseology as that referred to in the Code of 1906.

*Affirmed.*

WHITFIELD, C. J., took no part in the decision of this cause.