WATTS v. RUSSELL et al.*

(Division A. Feb. 2, 1925. Suggestion of Error Overruled March 2, 1925.)

[102 So. 833.   No. 24587.]

QUIETING TITLE. *Vendor liable under covenants of warranty to purchasers may sue to quiet title in purchasers.*

A vendor may maintain a bill in equity against one who asserts title or possession against the vendees of said vendor, where equitable defenses are alleged, and when the bill is to quiet the title in his vendees, provided such vendor would be liable to his vendees by virtue of the covenants of warranty recited in his deed to the vendees.

*Headnote 1.   Quieting Title, 32 Cyc., p. 1332.

APPEAL from chancery court of Jefferson Davis county.

HON. T. P. DALE, Chancellor.

Suit by J. B. Russell against Green Watts and others. From a judgment for complainant, defendant named appeals. Affirmed.

*John H. Arrington,* for appellant

Mr. J. B. Russell having sold the lands in controversy to O. W. Cole and having fully parted with the title to said lands was clearly without warrant or authority of law to file the bill of complaint against appellant, Green Watts and, also, Cole, Rutland and Tyrone. Why, or how could he complain against the ejectment suits filed by appellant, in the circuit court of Jefferson Davis county, against his vendee Cole, and Cole's vendees Rutland and Tyrone? Appellant Watts had no cause of action against J. B. Russell. *Green* v. *McDonald,* 135 Miss. 445. The appellees, J. B. Russell and Trustee

Baker had no cause of action at the time of the filing of the bill of complaint, and hence the court was without jurisdiction to grant them relief by enjoining the appellant from prosecuting his ejectment suits, to which neither of appellees, Russell or Baker, were parties thereto, on the ground of multiplicity of suits or any other ground. *Tribette* v. *R. R. Co.,* 70 Miss. 182, 12 So. 32; *Gulf Compress Co.* v. *Woten Cotton Co.,* 54 So. 32. Certain and sure conditions must actually exist to give a litigant jurisdiction and standing in court and not merely the supposed scent of the battle afar. *Roberts* v. *Ross,* 2 Miss. 274. The chancery court will not take jurisdiction where the matters in controversy are actually pending in the circuit court, and especially so, where there is an adequate, perfect and appropriate remedy at law between the actual parties to the suit. *Ricks* v. *Richardson,* 70 Miss. 424, 11 So. 424; *Pollard* v. *Phalen,* 98 Miss. 155, 53 So. 453.

Cole, Rutland and Tyrone, each defendant to an ejectment suit in the circuit court, might have moved the court to have transferred the causes, for any good and sufficient reason, set out, to the chancery court, as was done apparently in the case of *Nash* v. *Smith,* 133 Miss. 1, 96 So. 516. But certainly, appellees, Russell and Baker, not being parties to the suits and having no liens on said lands or interest in said suits would not have been heard to even make this motion to transfer the causes, yet they have been permitted to do vastly more than this. There was appellant's demurrer to the bill.

The chancellor erred in rendering the final decree. Appellees, Russell and Baker were volunteers merely and were solely without any cause of action, real or imaginary, at the time of the filing of the bill and consequently the chancery court was without jurisdiction to grant them any relief whatever, for they in truth and in fact, had no legal or equitable cause of action or complaint, against the appellant, Green Watts, or the defendants in the ejectment suits, Cole, Rutland and

Tyrone, whom they, also, made defendants to the bill of complaint.

The court erred in finding as a fact, that the lands in controversy were legally sold under the terms of the Deed of Trust by the Trustee, Baker. Section 2276 Hemingway's Code, provides how lands shall be sold under Mortgages and Deeds of Trust. Hence this section must be substantially complied with. The bill of complaint alleges these lands were sold in strict conformity to this statute, and hence the burden was upon them to prove this, but we submit they signally failed to prove it. Section 2276, Hemingway's Code, was not complied with and the sale was and is void, and we most respectfully submit that the chancellor erred in finding as a fact, the contrary was true. *Planter's Mercantile Co.* v. *Braxton,* 120 Miss. 470, 82 So. 323; and authorities therein cited.

The cause should be reversed and the bill of complaint dismissed.

*C. Earl Thompson* and *Livingston & Milloy,* for appellees.

Long after the debt had been barred by the statute of limitations and many years after the land had been sold under the trustee's deed, appellants brought ejectment suits in the circuit court of Jefferson Davis county, Mississippi, against Cole, Rutland and Tyrone, the vendee of Russell and vendees of Cole to certain portions of the land. When the ejectment suits were filed the vendee of J. B. Russell and the vendees of Cole called upon him to defend the title under his warranty deed to Cole, and this Russell agreed to do; but Messrs. Cole, Rutland and Tyrone were at that time threatening to make some kind of compromise with the appellants, as Mr. Russell was informed and understood, and thereupon, Mr. Russell and Mr. Baker, the beneficiary and trustee, respectively, brought the suit in the chancery court, praying that the

vendee of Russell and the vendees of Cole be restrained from making any compromise and that Watts and his wife be restrained from proceeding in the circuit court with their ejectment suits, and upon the hearing a temporary injunction was granted by the court, restraining the further proceeding of the ejectment suits until further order of court.

Appellants filed a demurrer, which the court overruled.

The vendee of Russell and the vendees of Cole answered the bill of complaint and made their answers a cross bill against their co-defendants, Watts and wife, and on final hearing the court sustained the bill of complaint and the cross bills of Cole, Rutland and Tyrone.

The only court where Russell had any standing was in the chancery court and we submit that any other ruling would have been shocking to conscience. *Huntingdon* v. *Grantland*, 33 Miss. 453; *Wall* v. *Harris*, 90 Miss. 675, are conclusive on this point. See, also, *Nash* v. *Smith*, 96 So. 516.

*Magee, Gibson & Magee,* for appellees.

The first contention which appellant makes is that appellee Russell, who had purchased the land at the trustee's foreclosure sale and who had by general covenants of warranty sold to Cole, Rutland and Tyrone, had no right, legal or equitable, to file his bill in chancery and enjoin the prosecution of the ejectment suits. This contention is answered by our court in the case of *Huntingdon* v. *Grantland and Anderson*, 33 Miss. 453; *Wall* v. *Harris*, 90 Miss. 675. Many other authorities might be cited.

Appellant Watts waited until the debt he owed Russell was barred by the statute of limitations before bringing his ejectment suits against Russell's vendees, but in a court of equity the statute of limitations will not avail

him anything. *Wall* v. *Harris, supra.* It was not only Russell's right but it was his duty to proceed in equity to protect his vendees.

Appellant next contends that the chancellor decided the case erroneously on the facts. The finding of the chancellor on a controverted state of facts is tantamount to the verdict of the jury and such finding will not be disturbed by this court unless flagrantly erroneous. In the instant case there was little, if any, controversy as to the facts.

The presumption of law is, not only that the recitals of the deed are true, but that all essential conditions of the deed were complied with in making the sale; also, that the presumption is to be indulged that the trustee did those things *in pais,* which were conditions precedent to a valid exercise of the power of sale. *Graham* v. *Fitts,* 53 Miss. 307; *Enochs* v. *Miller,* 60 Miss. 19; *McCaughn* v. *Young,* 85 Miss. 278; *Jones* v. *Frank,* 85 So. 310.

The last advertisement of the sale appeared in a supplement to the Prentiss Headlight. This proof was not disputed except inferentially, and the Chancellor could not have reached any other conclusion than that the sale was made in compliance with section 2276, Hemingway's Code.

McGOWEN J., delivered the opinion of the court.

On the 22d day of December, 1909, Green Watts, the appellant here, executed a deed of trust to secure an indebtedness in favor of one of the appellees, J. B. Russell, to secure a note for five hundred dollars due December 22, 1910. This trust deed also undertook to secure any further amounts advanced by Russell to Watts, and later Watts executed his note in favor of J. B. Russell, in which it was recited, among other things, as follows:

137 Miss.—54.

"Now having advertised the above-described land according to the terms and conditions of said deed of trust and according to law, and having sold same according to the terms and conditions of said deed of trust, and in conformity with the law in such cases, I have and now convey unto the purchaser herein all the title that I have as trustee in the above-described lands, being two hundred acres as described in the original deed of trust."

On the 17th day of October, 1916, J. B. Russell conveyed the same two hundred acres of land by warranty deed to O. W. Cole.

On the 19th day of October, 1920, O. W. Cole and wife, Leatie Cole, conveyed twenty acres of said land by warranty deed. On the 30th day of August, 1921, O. W. Cole conveyed a small tract of said land to J. C. Tyrone, also by warranty deed.

Prior to November 27, 1922, Green Watts had filed an ejectment suit in the circuit court of Jefferson Davis county against Russell's vendees, Cole, Rutland, and Tyrone, seeking to eject them from all of the lands described in the deed of trust executed in favor of Russell by Watts, and on this date Russell filed his bill in the chancery court of said county, alleging that he had been called upon to protect his warranty of the title by the vendees, the defendants in the ejectment suit, and that he did not have a complete and adequate remedy at law, prayed that all the rights, claims, titles and interests of the various parties be adjudicated in one suit, and asked for a temporary injunction, and prayed that the title to the lands be confirmed and quieted according to the respective deeds, or, in the alternative, if for any reason he (Russell) did not acquire a good title by virtue of the trustee's sale and deed, that Watts be required to do equity and to pay to him the amount of the original indebtedness.

There were many other allegations in said bill, but it is unnecessary to mention them.

Green Watts appeared in the chancery court and filed a demurrer to Russell's bill, the gravamen of which was that a vendor could not intervene to protect the title with which he had parted to other vendees. The chancellor overruled the demurrer. Thereupon the vendees of Russell—Cole, Rutland, and Tyrone—filed their answer admitting the main allegations of complainant's bill, and made their answer a cross-bill as against their codefendant, Green Watts, in which they asked that the title to the lands in controversy be quieted and confirmed in them, and making claims to the value of the permanent improvements placed upon the lands by them. There was a hearing, and the chancellor, Bee King, granted a temporary injunction which issued.

Green Watts answered the original bill and cross-bill at length, alleging that forty acres of land were included in the deed and deed of trust; but the essential feature of the answer consists of the claim that the deed executed by Baker, the trustee, to Russell, the complainant, was void because the said lands had not been advertised by the trustee in the manner prescribed by section 2772, Code of 1906 (section 2276, Hemingway's Code). We quote from the answer the following paragraph:

"The defendant denies that the trustee, Baker, sold said land in strict accordance and conformity to the terms of the deed of trust, Exhibit B, and the law in such cases made and provided, and charge the truth to be that the said sale was not made and had accordingly and by virtue of the terms and conditions of the deed of trust, Exhibit B, nor the law regulating the sale thereof in such cases, and that said sale was absolutely illegal and void, and these defendants wrongfully and illegally deprived of possession thereof without due process of law."

Much proof was taken. We shall refer only to the proof upon the question of the legality of the sale.

It will be noted that the trustee's deed to the complainant, Russell, recited that the terms of the trust deed and the provisions of law had been fully complied with with reference to the advertisement.

Counsel for Watts on cross-examination elicited from the witnesses, Russell and Baker, that they had both seen the newspaper, and that the advertisement appeared in the weekly paper of that county in four issues—January 7th, January 14th, January 21st, and January 28th—and their recollection was that the advertisement appeared on January 28th in a supplement of the weekly paper. The defendant Watts introduced the chancery clerk, who represented the files of the newspaper, showing the publication on January 7th, 14th, and 21st, and a copy of the paper of January 28th, showing no such advertisement in the paper presented by him. He further stated that there had not been kept a bound file of the newspapers in his office, and that he did not know whether the paper offered by him of date January 28th was the full size of the paper of that week or not. There was some controversy in the record as to the size of the paper.

The burden of proof being upon the defendant as to this issue, the chancellor having found, as recited in his decree, distinctly that the advertisement was in all respects in conformity with the decree and the law, we feel bound in this state of the record by the finding of the chancellor.

The only other question submitted by the appellant is: Did Russell, the vendor of Cole, Rutland, and Tyrone, have a right to invoke the aid of equity to protect his vendee's title then threatened by the ejectment suit of Watts?

Judge FISHER in *Huntingdon* v. *Grantland & Anderson,* 33 Miss. 453, where an injunction had been sought by a vendor restraining the defendants from prosecuting certain actions at law against the vendees of said

complaining party to recover divers tracts of land, asked this pertinent question:

"First. The complainant having sold the land, and given covenants of warranty as to the title, can he maintain this bill, supposing it in other respects to be sufficient?

"The complainant, being bound to protect the title of his vendee, can avail himself of any remedy of which the vendee could avail himself. The vendee being sued, and giving notice to his vendor to defend, the latter can, of course, make his defense in equity, if that be the tribunal in which he must seek his remedy. He has selected his court, and the question is whether he has made the proper selection.

". . . The complainant, being ignorant as to the date of the assignment, is entitled to a discovery as to this fact; and, coming into equity for one purpose, he can maintain his bill for complete relief."

In *Wall* v. *Harris,* 90 Miss. 671, 44 So. 36, the syllabus is as follows:

"A court of chancery, at the suit of a complainant willing to do equity, will enjoin an ejectment against the beneficiary in a deed of trust on the land, predicated of an invalidity in the appointment of a substituted trustee by whom the land was sold to complainant, instituted after the complainant had been in possession for eight years and the debt secured by the deed had become barred by the statute of limitations."

In the instant case, after the note had become barred by the statute of limitations and the deed of trust also, Watts seeks to eject the vendees of Russell from the lands which stood as security for the debt.

In *Wall* v. *Harris,* 90 Miss. 671, 44 So. 36, at page 676 of the Mississippi Report, Judge CALHOON, speaking for the court, said:

"It would shock the conscience of the court if this beneficiary in peaceable possession should be required to give up the land, and appellants be permitted to hold to

the same, and also to avoid payment of the debt. We regard this question as settled by a concluding paragraph of the opinion of this court in *Allen* v. *Alliance Trust Co.,* 84 Miss. 319, 36 So. 285, and by the same case, with a different party complainant, styled *Haggard* v. *Wilczinski,* 143 F. 22, 74 C. C. A. 176. We apprehend that no court would permit the grantors in a trust deed. under the circumstances set forth in this bill, to stand quietly by for eight years, with the beneficiary peaceably in possession, and wait until the note which the trust deed secured became barred by limitation, and then take the land free from the obligation of any of the debt, and with rents and profits. The only protection in this situation which the beneficiary had was to file a bill stopping such a claim in a law court, with the full tender to do equity in every regard. Such appeal to a court of conscience furnishes the only defensive course which the beneficiary could pursue.''

It follows that we are of opinion that a vendor, having sold his land and given covenant of warranty as to the title, may maintain a bill in equity against any person, attacking the title by suits at law where the purpose of the bill is to quiet and confirm the title of his vendee, or where such vendor has equitable defenses not cognizable at law against the plaintiff attacking his vendee's title.

*Affirmed.*