Davis, et al. *v.* Davis, et al.

In Banc. Mar. 28, 1949.

(39 So. (2d) 486)

See also 37 So. (2d) 735.

**O. F. & J. O. Moss**, for appellants.

W. M. Hutto and E. C. Fishel, for appellees.

**Smith, J.**

This case presents the unfortunate situation of a mother, brothers and sisters, and nieces; all adults, con-

federating to coerce the son of the same mother, brother and uncle, respectively, of his other adversaries, to pay again a debt due the deceased father as an alleged balance of the purchase price for the homestead sold by the father to the son. In this deed, the mother joined, since it was a homestead.

Powell Davis is a son of Mr. and Mrs. A. P. Davis, the grantors in the aforesaid deed, which he neglected to have recorded before it was lost when his home subsequently burned. At the time of his purchase he and his wife executed a deed of trust on the land involved to secure the promissory notes therein listed, representing a balance of the sale price, payable over a series of years to his father, as grantor in the deed to him. This instrument was duly recorded in the office of the Chancery Clerk of Wayne County. Powell Davis also assumed payment of a debt for money borrowed by his father from Sixteenth Section Funds of the county. This obligation is not involved in the issues before us.

Mr. A. P. Davis, the father, later died. There was no administration of his estate in the chancery court. The only asset of his estate was a claimed unpaid balance of the foregoing purchase price of his homestead, and to this allegedly unpaid balance the litigation ultimately was reduced.

Asserting that he had paid in full the purchase price claimed by appellants, as heirs-at-law, with himself, of his father's estate; and that the warranty deed to himself from his father and mother was not recorded, but now lost; and that he was the legal and equitable owner of the land by virftue of said deed, as well as by adverse possession; appellee filed suit for the confirmation and quieting of his title as against any cloud thereon from his coheirs of his deceased father's estate.

Appellants answered and filed a cross-bill, presenting the strange anomaly of denying his title to the land because it had not been validly deeded to him, in that there was no delivery,—and at the same time suing for col-

lection of the allegedly unpaid balance of the purchase price thereof. No point was made as to this inconsistency. During the progress of the trial, amendments to the pleadings were made whereby Mrs. Powell Davis was joined as complainant in the original bill and cross-defendant to the cross-bill. A great deal of proof was heard, pro and con, as to the validity of the claim of appellees to the execution of the warranty deed from his father and mother, which very largely preponderated in favor of appellees. However, this particular controversy faded out of the litigation by the following stipulation: "It is agreed by counsel for the Complainants and counsel for the Defendants that all matters are eliminated in issue in this case except whether or not there is any balance due for the purchase price of the lands described in the Bill of Complaint, and if so, how much."

This, therefore, brings us to consideration of the sole remaining question, what and how much, if any, of the purchase price remained unpaid at the date of the suit in the chancery court. As stated, the indebtedness was evidenced by seven promissory notes, secured by the trust deed, and dated October 20, 1924. The notes were as follows:

"One note due December, 1st, 1925, for One Hundred and Fifty Dollars;

"One note due December, 1st, 1926, for One Hundred and Fifty Dollars;

"One note due December, 1st, 1927, for One Hundred and Fifty Dollars;

"One, note due December, 1st, 1928, for One Hundred and Fifty Dollars;

"One note due December, 1st, 1929, for One Hundred and Fifty Dollars;

"One note due December, 1st, 1930, for One Hundred and Fifty Dollars;

"One note due December, 1st, 1931, for One Hundred Dollars."

None of the notes provided for interest. It may be well here to set out one of these notes as a specimen of all of them, which we do, viz:

"150.00 on the first day of December 1925 We or either of us promise to pay to the order of A. P. Davis the sum of one hundred and fifty dollars for value received, this the 20th day of October 1924

"J. P. Davis, Jr.
"Lennie Davis"

The heirs of A. P. Davis, deceased, were ten, per stirpes. We say, per stirpes, because all of his children were not living at the time of the institution of the suit, and were represented by their heirs-at-law. All parties were adults. As stated, there was no administrator, and no agent appointed by the heirs authorized to receive payment of any balance in controversy. However, on May 20, 1944, Mrs. A. P. Davis, not a payee in the notes, but the widow of the decedent, and mother, mother-in-law, or grandmother, of her co-appellants, as the case may be, signed and delivered to appellant, Powell Davis, the following receipt:

"Received of my son J. P. Davis the sum of four hundred dollars in full settlement on the deed of trust given by my son J. P. Davis to my husband A. P. Davis to secure the balance of the purchase money of the land described as follows to-wit:—

"NE¼ ............ in Section 17 and SW¼ of SW¼ in Section 9 all in Township 7 North Range 6 West in Wayne County, Mississippi said deed of trust is Recorded in the Chancery Clerks Office in Wayne County, Miss. in Trust Deed Book 73 on page 32 and I request the Chancery Clerk to mark said deed of trust paid and fully satisfied. Given under my hand and signature this the 20 day of May, 1944.

"Mrs. A. P. Davis

"E. M. McCarty    Witness
"Lillian McCarty    Witness"

The notes, at the date of the foregoing receipt, appear to have been barred by the six-year statute of limitations. Section 722, Code 1942. See also Section 719, Code 1942. But, for some reason, appellees did not plead the bar of the statute of limitations in the record before us, and we, therefore, pass from that matter, without adjudication.

It is to be kept steadfastly in mind that appellant, Mrs. A. P. Davis, the widow, had a one-tenth interest in this four hundred dollars, as did appellant-son, Norman Davis, and appellant-daughter, Mrs. W. M. Brandenberg, and appellee-son, Powell Davis, Mrs. A. P. Davis, therefore, was paid her one-tenth. She paid out of the $400 the sum of $50 to Norman Davis, so his interest therein was more than delivered to him; and as to Mrs. Branderberg, the following question and answer appear in her testimony from the witness stand: Q. "And you tell the Court you'd give your mother any interest you have in the $400.00?" A. "Yes." Q. "And you will do it, won't you?" A. "Why yes." So that she thereby ratified her mother's collection of her part of said payment; and, of course, Powell Davis being due a one-tenth thereof, could not be required to pay anything further, of said $400. In event a larger share ultimately should be shown to be due the mother, and Mrs. Branderberg, they would still have been satisfied by this payment; and Norman Davis charged an additional $10 thereon. Accordingly, whatever balance eventually is determined to be due on the obligation must be reduced by at least $160. This would leave the balance, if any, due to those appellants owning the other six-tenths of it.

The evidence in the record clearly established that the note due December 1, 1931, was paid first by Powell Davis, although the last one in the series. There was also a payment of $30, without any satisfactory proof as to which particular note it was credited, or that it was credited at all. The chancellor, in his calculation, gave appellees no credit either for the note due December 1,

1931, or the $30. On May 22, 1926, the father, then alive of course, and after the home of appellees had burned, accompanied by a statement that he desired to help his son, and, having no money, would give him the notes due December 1, 1926, and 1927, respectively, thereupon delivered the following receipt to his son, the appellee:

"Nov. 22, 1926

"Received of J. P. Davis, Three Hundred Dollars, in payment of Notes Due December 1st, 1926 and 1927

"A. P. Davis"

On December 15, 1928, the father, A. P. Davis, died. The appellee, Powell Davis, alone paid the expenses of his father's funeral, and the note due in that year was surrendered and delivered to him.

In their cross-bill, suing for the alleged balance due, appellants, as cross-complainants, made this averment: "These Defendants represent and show to the Court that the notes maturing December 1st, 1927, December 1st, 1928, December 1st, 1929, and December 1st, 1930, for $150.00 each and note maturing December 1st, 1931, for $100.00 have never been paid but is still owing, unless said notes should be credited with a payment of $400.00 that he paid to Mrs. A. P. Davis on or about the — day of April, 1944, The said Cross Defendant is indebted to cross complainants in the sum of $700.00, as evidenced by the five (5) promissory notes, above referred to, with interest from the dates thereof until this date, less the payment of $400.00 made sometime during April, 1944, . . ." The statement, "less the payment of $400 made sometime in April 1944," is inconsistent with the averment in appellant's answer to the original bill that "if he has such a receipt, the same was obtained by fraud and the said Mrs. A. P. Davis, if she signed such receipt, did not know what she was doing, and more especially the Complainant did not pay the said Mrs. A. P. Davis the amount due and owing on said property." On the trial, appellants interposed in the evidence the defense

that Mrs. A. P. Davis was not authorized to collect the four hundred dollars.

However, the proof demonstrated that the note due December 1, 1931, was paid; $30 was also paid; that the note due December 1, 1927, was one of the two notes given by A. P. Davis to his son Powell, when the latter's home was destroyed by fire; the note due December 1, 1928, was liquidated by appellee, Powell Davis, paying his disceased father's funeral expenses. So that, of the notes upon which the cross-suit was based, only the notes due December 1, 1929 and 1930 respectively were not clearly shown to have been paid in the record, and on them must be credited the unapplied payment of $30.

At the conclusion of all the evidence, the chancellor stated from the bench he would allow the $300 represented by the two notes given appellee, Powell Davis, by his father A. P. Davis, sole payee therein, upon the occasion of the loss of the son's home by fire. Out of the $400, he stated, he allowed Mrs. A. P. Davis, the widow, $250, and credited Powell Davis with $40 share of himself, brother Norman Davis, and Mother, Mrs. A. P. Davis, respectively,—as well as with the $250, allowance to the widow. Then he granted credit for $30 payment, and interest on the difference due, stated by him to be $75, at 6% from December 1, 1931. It was agreed by the parties that interest, if any were due, would start on that date.

However, the final decree departed from this announcement. After detailing the credits allowed, which did not specifically include the aforesaid $30, the decree adjudged that "there was, therefore, left due and owing the sum of $370.00 at the time of the payment by Powell Davis to Mrs. A. P. Davis on the 20 day of May, 1944, together with the interest thereon from December 1, 1931; and that the sum of $250.00 of said $400.00 payment on May 20, 1944 was exempt to Mrs. A. P. Davis, the widow, and that sum, therefore was a payment to that extent of the indebtedness owing by said deed of trust."

From the balance of $120 thus found to be due, the court credited appellee with one-tenth each, or $12, as being his own share therein, and the shares of his mother and brother Norman. Appellees were also credited with the $250 allowance to the widow. We are of the opinion, for reasons stated ante, the one-tenth shares credited to appellees should have been one-tenth of $400; and that ██ █ the court had no authority to credit appellees with $250, as a widow's allowance in this litigation. We are unable to reconcile the ultimate amount adjudged to be due appellants, principal and interest, of $164.22, with the credits, and remaining unpaid notes, as established in this record. We are not required to make and state an account upon such confusion and conflicting figures as reflected in the record of the case and the announcement of the learned chancellor from the bench and the final decree.

We have, therefore, reached the conclusion that we will, and do, affirm the title of appellees to the land, so far as these appellants are concerned, subject to whatever correct balance may properly be determined to be due to be paid them by appellees, if any. We hold, further, that credit must be given appellees in accordance with our findings as to credits, supra, but that none may be granted them for $250, fixed by the court as a widow's allowance. We, accordingly, reverse the decree of the chancery court, as to the accounting with instruction that a correct account be taken and stated, in harmony with our views as herein set forth.

Either party may file such other pleadings, or amended pleadings, on remand, as may be right and proper under the facts and circumstances of the cause.

Affirmed in part, and reversed in part, and remanded.

On Suggestion of Error.

In Banc, April 25, 1949, 40 So. (2d) 156.

Hall, J.

In the original opinion in this case, it was stated that the evidence largely preponderated in favor of appellees on the issue as to whether a deed was executed by Mr. and Mrs. A. P. Davis to Powell Davis covering the land in suit, and it was further stated that this controversy faded out of the litigation by virtue of a stipulation in the record which was quoted in the opinion. Appellees suggest that we were in error in pretermitting a decision on this issue for the reason that subsequent to the quoted stipulation all the pleadings were recast and amended, the stipulation abandoned, and proof was taken upon the issue, and appellees express concern that we have left this point open for further litigation.

While the record does show that the pleadings were changed and that proof was taken upon the issue, there is nothing showing an abandonment of the stipulation. However, the final decree entered at conclusion of the trial fully adjudicates the execution and delivery of a deed to appellees, and, as stated in our original opinion herein, the evidence largely preponderated in favor of appellees on this issue, and the issue was not left open for further consideration on a new trial. The original opinion clearly shows that the cause is reversed and remanded "as to the accounting with instruction that a correct account be taken and stated, in harmony with our views as herein set forth." It was not reversed on the issue as to execution and delivery of the deed to Powell Davis, but was clearly affirmed in that respect.

The suggestion of error is therefore overruled.