DAVIS, et al. *v.* DAVIS, et al.

Division B.   Dec. 4, 1950.

No. 37701  (49 So. (2d) 242)

O. F. & J. O. Moss, for appellants.

W. M. Hutto and E. C. Fishel, for appellees.

**Hall, J.**

Appellees brought suit to quiet and confirm their title to 200 acres of land in Wayne County. Appellants filed an answer and cross-bill denying that the deed in question had ever been delivered and claiming that certain notes for balance due on the purchase price had never been paid and further claiming that appellees were indebted to them for certain rents and profits for all of which an accounting was sought. Upon a hearing of the first appeal we held that appellees were entitled to a confirmation of their title and affirmed the lower court in that respect, but because of the confusion and conflict in the record we were unable to harmonize the same with that portion of the decree which adjudged a balance due of $164.22 and in that respect the decree was reversed and the cause remanded with direction that a correct account be taken and stated with the right of either party to file such other pleadings or amended pleadings as may be right and proper under the facts and circumstances of the case. Davis v. Davis, 205 Miss. 794, 39 So. (2d) 486, 40 So. (2d) 156.

Upon remand to the lower court the appellees amended their answer to the cross-bill and pleaded the statute of limitation as a bar to the notes in question and further pleaded, in the alternative, estoppel against some of appellants so as to prohibit them from sharing in any recovery of a balance due on the notes. At the hearing appellants made an oral motion to strike that part of the amended answer to the cross-bill pertaining to appellees' plea of the statute of limitation. Appellants offered in

evidence a portion of the record of the first trial and appellees offered the entire record of the first trial and both parties rested on the motion. The motion was overruled. Thereupon appellants declined to plead further and declined to offer any evidence and the trial court rendered a decree in favor of appellees.

The sole contention on this appeal is that the appellees are not entitled to plead the statute of limitation in a court of equity. The case of Wall v. Harris, 90 Miss. 671, 44 So. 36, is illustrative of the authorities upon which appellants rely but, in our opinion, it has no application here. It must be remembered that in the case at bar the appellees did not invoke the aid of equity and at the same time plead the statute of limitation in their bill of complaint; that plea was filed in their answer to the cross-bill wherein appellants sought affirmative relief against them. ▆▆ It has frequently been held that in certain types of cases a party may not ask the aid of equity and at the same time refuse to do equity by pleading limitation and seek thereby to obtain an unconscionable advantage over his adversary. In those cases the statute of limitation may not be used as a weapon of offense, but ▆▆ unless some unfair and inequitable result will flow therefrom it can be used defensively. It certainly is not and has never been the law that a party may not in proper cases plead the statute in a court of equity; it is a personal privilege which may be and is waived unless set up by answer or by plea in the answer. See Griffith's Mississippi Chancery Practice, Sections 266, 300, 327, 335, 360 and 586. In this case the statute was set up as a defense to the cross-bill by plea in the answer. ▆▆ Appellees have been in possession of the land for about 25 years; the last note fell due in 1931 and has been barred by limitation since 1937; appellees claim that all the notes have been paid and on the first trial offered evidence to that effect, and, under all the facts and circumstances reflected by the record, we do not think that their plea of limitation gives them any un-

conscionable advantage over appellants and we find no error in the trial court's action in overruling the motion to strike the amended answer. The decree is accordingly affirmed.

Affirmed.