**VALLEY CEMENT INDUSTRIES, INC.,**
Plaintiff-Appellant,

v.

**MIDCO EQUIPMENT COMPANY,**
Defendant-Appellee.

No. 76–3370.

United States Court of Appeals,
Fifth Circuit.

May 22, 1978.

Vardaman S. Dunn, Jackson, Miss., for plaintiff-appellant.

*Martinez v. Rodriguez,* 394 F.2d 156, 159 n.6 (5th Cir. 1968).

Lawrence J. Franck, Jackson, Miss., for defendant-appellee.

## ON PETITION FOR REHEARING

(Opinion April 6, 1978, 5 Cir., 1978, 570 F.2d 1241).

Before HILL, RUBIN and VANCE, Circuit Judges.

PER CURIAM:

In its petition for rehearing, Valley Cement Industries, Inc. urges that Euclid-Memphis Sales, Inc., now Midco Equipment Company, waived the applicable statute of limitations. This contention is without merit.

Valley Cement argues that the actions of R. A. Trippeer, Sr. are consistent only with a finding of waiver. The trial court disagreed. It concluded, not clearly erroneously, that the evidence as to Trippeer's knowledge, acquiescence, and intention with regard to the memorandum in question was conflicting.

Valley Cement argues further that the actions of Trippeer bind Euclid, now Midco, as a party to the contract. Assuming *arguendo* that Trippeer's acts could bind Euclid, the evidence on Trippeer's "alter ego" status is also conflicting. Testimony was offered to show that Trippeer reduced his management role in Euclid starting in 1964, and that his family's influence ended with the sale of Euclid stock in 1968. Suit was not filed until 1973.

The cases cited by appellant do not support a finding of waiver. Nor does the evidence show Valley Cement to have engaged assiduously in pursuit of its rights. This case manifests no procedural waiver of the statute of limitations defense, *compare Davis v. Barr*, Miss.1963, 157 So.2d 505, nor any inequitable attempt to use the statute of limitations offensively to obtain an "un-conscionable advantage," *Davis v. Davis*, Miss.1950, 49 So.2d 242, 243.

With respect to the appellant's exhortation that this court recognize that Euclid "received Valley's stock for *nothing*," we can only note some inconsistency between this position and appellant's equally persistent reliance on Valley's behavior in showing the memorandum as a valuable asset on its books in addition to the admitted fact that substantial credit was in fact given on the initial equipment purchase.

The petition for rehearing filed in this cause is hereby DENIED.